UNITED STATES *v.* GANDOLFI & CO. (No. 2364).[1]

1. EVIDENCE—COLLECTOR'S IMPEACHMENT OF CLASSIFICATION.

Where the collector, in his report on the protest, stated that his classification was wrong and the claim of the protest was right, the presumption of correctness attendant upon his classification was rebutted.

2. EVIDENCE—PRESUMPTION—REPORT OF APPRAISER.

Where the collector classified in accordance with the appraiser's advisory classification, but, in his report on the protest, admitted the incorrectness of the classification, no presumption aided the appraiser's classification. The collector was not bound by it in the first instance.

3. COLLECTOR'S REPORT ON PROTEST—TIME FOR—ARTICLE 649, CUSTOMS REGULATIONS, 1915—EVIDENCE, SUFFICIENCY.

Article 649, Customs Regulations, 1915, provides that. after adverse action on a protest, the matter shall be transmitted to the board within 30 days, *if practicable.* Where the transmittal was made after the lapse of the 30 days, it will be presumed that it was not practicable to do so within 30 days; and jurisdiction to change the classification remained in the collector. Where, under such circumstances, the collector, believing himself deprived of jurisdiction by the lapse of the 30 days, reported that the classification was erroneous and the invoice description and protest claim correct, the evidence supported the judgment of the Board of United States General Appraisers sustaining the protest.

United States Court of Customs Appeals, January 3, 1925

APPEAL from Board of United States General Appraisers, Abstract 46540

[Affirmed in part and reversed and remanded in part.]

*William W. Hoppin,* Assistant Attorney General (*Charles D. Lawrence* and *John A. Kemp,* special attorneys, of counsel), for the United States.
*John R. Rafter* (*Harry M. Farrell* of counsel) for appellee.

[Oral argument Nov. 14, 1924, by Mr. Lawrence and Mr. Rafter]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from the judgment of the Board of General Appraisers sustaining protests 977439 and 978464 to the collector's classification of merchandise, described in the invoices as "fernet-branca, a medicinal preparation containing 39 per cent alcohol by volume."

---

[1] T. D. 40615.

The report of the collector as to protest 977439, under date of June 20, 1923, is as follows:

Respectfully referred to the Board of United States General Appraisers for decision. Duty was assessed at .$2.60 per gallon under the act of 1913, paragraphs 239 and 240.

From the appraiser's special report, herewith, and D/L of Nov. 24, 1922 (108377/5000/2508), the merchandise appears to be properly dutiable at 20¢ per lb. and 20% ad val., par. 16, act of 1913.

However, as the period for review by the collector has expired, sec. 515, act of 1922, the papers are forwarded to your board for disposition.

In answer to the protest, the appraiser, under date of May 9, 1923, reports as follows:

The merchandise is described on the invoice as fernet-branca, and consists of bitters, a preparation of which distilled spirits are a component part of chief value. It was accordingly returned for duty at $2.60 per proof gallon under the provisions of bitters of all kinds containing spirits in paragraphs 239 and 240. Following department letter 5000/2508/108377, 11/24/22, merchandise of this character would now be returned as an alcoholic medicinal preparation at 40¢ per lb. and 25% ad val. under par. 24, act of 1922.

The report of the collector as to protest 978464, under date of June 30, 1923, is as follows:

Respectfully referred to the Board of United States General Appraisers for decision.

Duty was assessed at the rate applicable in the tariff to imported merchandise of the kind described in the entry or in the return of the appraiser on the invoice. Note the appraiser's special report herewith.

In answer to the protest, the appraiser, under date of June 15, 1923, reports as follows:

The merchandise is described on the invoice as fernet-branca and consists of bitters in the preparation of which distilled spirits form a component part of chief value. It was accordingly returned for duty under the provision for bitters of all kinds containing spirits, n. s. p. f. at $2.60 per gallon under paragraphs 239 and 240, act of 1913.

There was no appearance before the Board of General Appraisers at the time set for the trial, and the case was disposed of by the board without the assistance or aid of evidentiary facts, except such as may have appeared in the record as transmitted by the collector.

The board held in substance that the report of the collector established that, as to protest 977439, he had incorrectly classified the merchandise, and that it was entitled to classification as a "medicinal preparation * * * containing more than 20 per centum and not more than 50 per centum of alcohol" at 20 cents per pound and 20 per cent ad valorem, under paragraph 16, of the act of 1913, and that the only reason he had not reliquidated accordingly was because he was of the opinion that the period of time in which he might review the advisory classification had expired.

The board further held in substance that the collector had jurisdiction at the time of his official report to reliquidate the entry, and thereupon sustained both protests on the ground that the record in protest 978464 was the same as that in protest 977439.

The Treasury Department letter, addressed to the collector and referred to in his report, and in the report of the appraiser as to protest 977439, in so far as the same may be pertinent to the issues in this case, reads as follows:

The department is in receipt of your letter of the 17th instant with inclosure of warehouse entry No. 61862 covering the importation of 500 cases of fernet-branca, a preparation containing alcohol manufactured by Fratelli Branca, Milan, Italy.

You request instructions as to the classification of the merchandise.

The Commissioner of Internal Revenue, in a letter dated May 12, 1922, advised the department that fernet-branca, manufactured by Fratelli Branca, Milan, Italy, was a medicinal preparation and unfit for use as a beverage, and if, therefore, imported, would be released without compliance with the provisions of the national prohibition act.

In view of the fact that the merchandise in question is a medicinal preparation containing alcohol and unfit for use as a beverage, the department is of the opinion that it should be classified for duty under the provision of paragraph 24 of the tariff act of 1922.

You will be governed accordingly. * * *

The merchandise was assessed for duty by the collector at $2.60 per gallon under the provisions of paragraphs 239 and 240 of the tariff act of 1913, which read as follows:

PAR. 239. On all compounds or preparations of which distilled spirits are a component part of chief value there shall be levied a duty not less than that imposed upon distilled spirits.

PAR. 240. Cordials, * * * and other spirituous beverages or bitters of all kinds, containing spirits, and not specially provided for in this section, $2.60 per proof gallon.

The importer claimed in the protests that the merchandise was dutiable as a "medicinal preparation, containing more than 50 per centum of alcohol," at 20 cents per pound, and 20 per cent ad valorem, under paragraph 16 of the act of 1913, the pertinent part of which reads as follows:

PAR. 16. Chemical and medicinal compounds and preparations, * * * all the foregoing and their combinations when containing alcohol, * * * and all alcoholic compounds not specially provided for in this section, if containing 20 per centum of alcohol or less, 10 cents per pound and 20 per centum ad valorem; containing more than 20 per centum and not more than 50 per centum of alcohol, 20 cents per pound and 20 per centum ad valorem; containing more than 50 per centum of alcohol, 40 cents per pound and 20 per centum ad valorem.

It is contended by the Government that the collector's classification is presumed to be correct, and as no evidence was presented to the Board of General Appraisers tending to overcome such presumption, the board was without authority to reverse the collector's classification.

The appellee contends that the report of the collector as to protest 977439 clearly indicates that the classification of the merchandise as determined by him was wrong. That the collector recognized that he had committed an error in classifying the merchandise as he did, and would have corrected the error had he not been of the erroneous opinion that the period of time in which he might reliquidate the entry had expired.

It is further argued in effect by the appellee that under the circumstances such as prevail in this case there is no presumption of correctness attending the collector's classification of the merchandise.

The authority of the collector to review his action relative to classification of merchandise, upon the filing of, a protest thereto, is found in paragraph N of the act of 1913, and articles 647, 648, and 649 of the Customs Regulations of 1915.

The pertinent part of paragraph N of the act of 1913 reads as follows:

PAR. N. * * * Upon such payment of duties, protest, and deposit of protest fee, the collector shall transmit the invoice and all the papers and exhibits connected therewith to the board of nine general appraisers, for due assignment and determination as provided by law; * * *

Articles 647, 648, and 649 of the Customs Regulations of 1915, in so far as the same may be pertinent to the issues in this case, read as follows:

ART. 647. *Appraiser's special report on protest.*—If the collector shall be of the opinion that any claim in a protest requires further review of an advisory classification or return in order to complete the record necessary to a proper consideration of the issue involved, he shall forward the invoice papers to the appraiser for a special report as to the character and description of the merchandise and any other facts relevant to the case.

The appraiser will return all papers to the collector with his report, together with the samples, if any, of the merchandise under consideration.

ART. 648. *Collector's review on protest.*—Upon receipt of the special report of the appraiser, if one has been called for, the collector will review his action on the entry, and if satisfied that the claim is valid will reliquidate the entry accordingly, with the concurrence of the naval officer, if any.

ART. 649. *Transmission of protests and samples to the Board of General Appraisers.*—If the naval officer does not concur, or if the collector shall be of the opinion that the claim is not valid, one copy of the protest shall be transmitted to the Board of General Appraisers by the collector within 30 days, if practicable, after the receipt by him of the appraiser's special report, provided the fee has been deposited, and, in case of a consumption entry, the duties have been paid.

The collector in his letter of transmittal shall state the reasons which governed him in the assessment of duty, and shall forward all special reports received by him, and any other information in his possession relevant to the matter. * * *

It is the duty of the collector to classify imported merchandise and determine the rate and amount of duty to be assessed thereon. Having officially determined these questions, his decision in regard thereto is presumed to be correct. But this principle of law is based

upon the theory that the decision of such customs official is an expression of his judgment of the law and the facts pertaining to the issues involved.

If the official action of the collector is admittedly not an expression of his judgment of the law and the facts, and if he asserts in his official report that such official action is incorrect as to both the law and the facts, and that the claims made in the protest are entirely valid, can it properly be said· that such official action is attended by a presumption of correctness? We think not.

We are of the opinion that where a collector makes an official report, such as appears in this case, within the period of time provided for review by him of an advisory classification, and asserts that his: official action is wrong, and that the claim made in the protest is: entirely valid, and further states that the merchandise is properly- dutiable under a paragraph of the tariff act which provides for merchandise such as is described in the invoice, there is no presumption of correctness attending his official decision, and the statement in such report as to proper classification of the merchandise, being entirely consistent with the description of the merchandise, contained in the invoice, which was a part of the record in the case, is sufficient to sustain the judgment of the Board of General Appraisers sustaining the protest.—Wheeler, Elder & Elder *v.* United States (11 Ct. Cust. Appls. 110; T. D. 38752).

It is true that the report of the collector was made 42 days after he received the report of the appraiser. But article 649 of the Customs Regulations of 1915, supra, provides that if the collector is of the opinion that the claims made in the protest are not valid, "one copy of the protest shall be transmitted to the Board of General·Appraisers by the collector within 30 days, if practicable, after the receipt by him of the appraiser's special report."

The collector having transmitted the papers required by law within 42 days after the receipt by him of the appraiser's report, it will be presumed, in the absence of any evidence to the contrary, that it was impracticable for the collector to transmit such papers within the 30-day period.

We accordingly hold that at the time he made his official report, and until the official papers had been transmitted to the Board of General Appraisers, the collector had jurisdiction to consider and review his advisory classification.

Several cases have been cited by the Government as authority for its contentions in this case. In National Hat Pin Co. *v.* United States (5 Ct. Cust. Appls. 435; T. D. 34971), it was held that it was the duty of the collector to forward within 30 days from the date of filing of the protest the invoice and all papers connected with the case unless reliquidation was made. And a statement included in the

collector's report, made after the time for review had expired, that the protest was partly valid was not sufficient, in the absence of any evidence, to overcome the presumption of correctness attending the official action of the collector. Under the regulations existing at that time the collector was required to transmit the official papers within 30 days from the time the protest was filed, unless the entry was reliquidated.

In United States v. Straus & Sons (5 Ct. Cust. Appls. 147, 149; T. D. 34193), it was held that, where the collector fails to act on a protest within the time required by law, the jurisdiction of the Board of General Appraisers attaches, and the authority of the collector in the matter ceases, whether the official papers have been transmitted to the Board of General Appraisers or not.

In Tower Manufacturing & Novelty Co. et al v. United States (6 Ct. Cust. Appls. 267; T. D. 35478), it was held that the official reports of the appraiser to the collector concerning the merchandise, when made within the line of duty and within the period of time in which jurisdiction was retained by the collector to review an advisory classification, was a part of the record in the case and should be considered as presumptively correct. In that case, however, it is to be noted that the collector accepted the description of the merchandise as reported by the appraiser.

The principles of law announced in those cases are applicable to the facts as therein stated but are not conclusive of the issues here.

We are of the opinion that the report of the collector was not extra-official. That he had full authority to determine the issues at the time he made his report, and the fact that he was under an erroneous impression as to the law applicable to such review of the advisory classification, does not militate against the importer, and certainly ought not to benefit the Government.

It may be argued that the report of the appraiser was not extra-official and therefore should be controlling as to the proper description of the merchandise. In answer to that suggestion we may say that the description of the merchandise as reported by the appraiser is not controlling upon the collector, and in this instance he repudiated the appraiser's description thereof in so far as it differed from that given in the invoice, and accepted the invoice description of the merchandise as correct.

It has been repeatedly held by this court that it is the duty of the appraiser to ascertain the value of imported merchandise, but that it is the duty of the collector to classify the same and determine its dutiable value. This court so held in the case of National Hat Pin Co. v. United States, supra, and we deem it unnecessary to refer to other authorities. It would seem to follow that the collector in determining the proper classification of merchandise may accept for

such purpose the description given in the invoice and refuse to accept the description of such merchandise as reported by. the appraiser.

Under such circumstances the description of the merchandise as given by the appraiser could not be considered as presumptively correct.

We concur in the conclusion reached by the Board of General Appraisers as to the issues raised by protest 977439.

It will be observed that the merchandise involved in protest 978464 was assessed for duty by the collector under paragraphs 239 and 240, supra, and his decision is not impeached either by the collector in his report or by evidence submitted to the Board of General Appraisers.

The merchandise is described in the invoice as "fernet-branca, a medicinal preparation containing 39 per cent alcohol by volume." It may be that it is identical with the merchandise considered in protest 977439.

It appears from the record that the collector reported in regard to such merchandise 15 days after the date of his report in protest 977439 and within 15 days after the receipt by him of the appraiser's report. He had the opportunity to reliquidate the entry and properly classify the merchandise if it was identical with that involved in protest 977439, and if he was still of the opinion to which he gave expression in his report as to such protest.

It was the duty of the importer at the hearing before the Board of General Appraisers to submit evidence of sufficient probative value to overcome the presumption of correctness attending the collector's classification. This the importer failed to do.

It is unfortunate, if the merchandise covered by the two protests under consideration is identical, that different rates of duty are assessed thereon, but that is due to the failure of the importer to differentiate between the issues raised by the two protests and to appear and present his case to the Board of General Appraisers.

Principles of law and established legal rules of procedure can not lightly be set aside to serve the convenience of one party to the prejudice of the other.

The judgment of the Board of General Appraisers is modified, being *affirmed* as to protest 977439, and *reversed* as to protest 978464, and the cause is *remanded* for proceedings not inconsistent with the views herein expressed.

*Affirmed* in part and *reversed* and *remanded* in part.