SMITH & NICHOLS (INC.) *v.* UNITED STATES (No. 3280)[1]

United States Court of Customs and Patent Appeals, April 10, 1930

*Comstock & Washburn (George J. Puckhafer* of counsel) for appellant.
*Charles D. Lawrence,* Assistant Attorney General, for the United States.

[Oral argument February 13, 1930, by Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court.

Certain paraffin wax was imported in bags. The appraiser reported that the merchandise was not legally marked in accordance with the provisions of section 304 (a) of the Tariff Act of 1922. Accordingly, the collector assessed the merchandise with an additional duty of 10 per centum of its appraised value.

The pertinent parts of section 304 (a) read as follows:

SEC. 304. (a) That every article imported into the United States, which is capable of being marked, stamped, branded, or labeled, without injury, at the time of its manufacture or production, shall be marked, stamped, branded, or

[1] T. D. 43974.

labeled, in legible English words, in a conspicuous place that shall not be covered or obscured by any subsequent attachments or arrangements, so as to indicate the country of origin. * * * Unless the article is exported under customs supervision, there shall be levied, collected, and paid upon every such article which at the time of importation is not so marked, stamped, branded, or labeled, in addition to the regular duty imposed by law on such article, a duty of 10 per centum of the appraised value thereof, or if such article is free of duty there shall be levied, collected, and paid upon such article a duty of 10 per centum of the appraised value thereof.

Every package containing any imported article, or articles, shall be marked, stamped, branded, or labeled, in legible English words, so as to indicate clearly the country of origin. Any such package held in customs custody shall not be delivered unless so marked, stamped, branded, or labeled, and until every package of the importation which shall have been released from customs custody not so marked, stamped, branded, or labeled shall be marked, stamped, branded, or labeled in accordance with such rules and regulations as the Secretary of the Treasury may prescribe.

The importer duly protested the assessment of the 10 per centum additional duty. Thereupon, the collector referred the matter to the appraiser. A report was made by the appraiser (to which the collector specifically directed attention in his letter transmitting the cause to the Customs Court) which reads as follows:

It is not the custom to mark this class of merchandise (paraffin wax) but to mark the containers. The bags containing the wax were found to be not legally marked to indicate the country of origin at the time of sampling. Sampler's ticket on file in this office is to that effect.

On the trial below, counsel for the parties entered into the following stipulation:

It is stipulated by and between counsel for the importers and the Assistant Attorney General that this protest may be deemed submitted upon the incorporation of the letter of the collector of customs admitting error in the imposition of the 10% additional duty under section 304, Tariff Act of 1922.

Dated March 19, 1926.

COMSTOCK & WASHBURN,
*Attorneys for Importers.*
M. HIGGINBOTHAM,
*For Assistant Attorney General,*
*For the United States.*

The collector's letter, referred to in the stipulation, reads:

The merchandise in question consists of paraffin wax imported in bags.

The bags were reported by the sampler as not legally marked to accord with the requirements of section 304, act of 1922.

Duty was assessed at 10% on the appraised value of the mdse. under the provisions of said section.

In view of T. D.'s 40483 & 40488 the protest appears to be valid but as the period during which this office is authorized to reliq. under section 515, act of 1922, has expired, the papers are forwarded to your board for disposition. Note the appraiser's report attached to Protest 65711. Protest received within the statutory time.

The court below, in an opinion by Judge Adamson, refused to accept the stipulation of counsel or the collector's admission of error in the protested assessment. We quote from the decision of the court:

There was nothing in the evidence to show whether the wax could be marked without injury or not. We have been holding that cheese was capable of being marked and we see no reason why wax could not be marked with a tablet just as cheese are marked, but the collector reports that if he was not barred by the lapse of time he would correct his decision and remit the 10 per centum extra duty, but he cites as his authority for it a case that has no relation to wax at all, but figs. We think that the case should be restored to the docket in order that some evidence may be introduced in order to show the character of the wax. A sample at least could be submitted for the inspection of the board. The case is reopened and restored to the docket.

That decision was rendered on May 13, 1926.

On March 21, 1928, the cause was again submitted to the court upon the stipulation of counsel. Thereafter, on September 24, 1929, the court overruled the protest, and, in an opinion by Waite, Justice, attention was called to the fact that the case had been submitted upon a stipulation of counsel for the parties, and that no evidence had been introduced to show the character of the imported wax. Judgment was entered accordingly, and the importer has appealed to this court.

It is perfectly obvious from the record that the collector's action in assessing the additional duty was based upon a misconception of the law. The assessment was made in the year 1924; at that time it was understood by the collectors of the various ports, and others, that a package or bundle of cigar bands, or a basket of figs, or a card of buttons, was the article of importation, and that, if the package, or basket, or card, as the case might be, was not marked so as to indicate the country of origin, the collector was required to assess the merchandise with an additional duty of 10 per centum of its appraised value. However, this court in a series of cases, including *Bradford Co. and United States* v. *American Lithographic Co.*, 12 Ct. Cust. Appls. 318, T. D. 40318; *United States* v. *Martorelli*, 12 Ct. Cust. Appls. 327, T. D. 40483; *Hobe Button Co.* v. *United States*, 12 Ct. Cust. Appls. 341, T. D. 40488, held that there was no authority for the imposition of a 10 per centum penalty for failure to mark the containers of imported merchandise. So, when it was made to appear to the collector that it was not the paraffin wax but the containers that were not legally marked, he reported that his assessment was erroneous, and that, as the statutory period in which he might reliquidate had expired, he could do nothing more than forward the papers in the case to the Customs Court for proper judicial action. Furthermore, he cited the *Martorelli* and *Hobe Button Co.* cases as authority for his conclusion. Having reported that it was erroneous, his classification can not legally be presumed to be correct. On the contrary, it was obviously wrong, and the court below should have disposed of the case accordingly. *United States* v. *Gandolfi & Co.*, 12 Ct. Cust. Appls. 455, T. D. 40615.

There is absolutely nothing in the record to indicate that the paraffin wax was or was not marked. That question was not in issue. For all we can tell from the record it was legally marked. The record is inconsistent with any other hypothesis than that the collector, acting upon a wrong conception of the law, assessed the duty solely because the containers—bags—were not legally marked.

In our opinion the Assistant Attorney General and counsel for the importer were acting precisely within their authority in entering into the quoted stipulation. The stipulation being decisive of the issues, the case should have been disposed of accordingly. See *United States* v. *Zucca & Co.*, 11 Ct. Cust. Appls. 167, T. D. 38959.

For the reasons stated, the judgment is *reversed*.