BONWIT TELLER & CO. *v.* UNITED STATES (No. 3446)[1]

[1] T. D. 45339.

United States Court of Customs and Patent Appeals, November 27, 1931

*James W. Bevans* for appellants.

*Charles D. Lawrence*, Assistant Attorney General (*Reuben Wilson*, special attorney, of counsel), for the United States.

[Oral argument October 12, 1931, by Mr. Bevans and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GARRETT, Judge, delivered the opinion of the court:[1]

In this appeal is involved the question whether a special report of a local appraiser, describing the merchandise involved, made subsequent to the expiration of the 60-day period provided by section 515 of the Tariff Act of 1922 as the time within which the collector of customs shall act upon a protest, becomes legally a part of the record upon appeal to the United States Customs Court.

In 1928 Bonwit Teller & Co., appellants, made an importation of scarfs, alleged by them to have been composed in part of spangles. The importation appears to have been entered October 16, 1928. The collector, acting upon an advisory report of the appraiser, classified the merchandise under paragraph 1430 of the Tariff Act of 1922, as "articles ornamented with spangles," and assessed duty at 75 per centum ad valorem, the entry being liquidated June 18, 1929.

The importer, on June 27, 1929, made protest, claiming the merchandise to be properly classifiable for duty at 60 per centum ad valorem under paragraph 1403 of said act, as "articles not ornamented with spangles but composed wholly or in chief value of spangles."

The collector referred the protest to the appraiser, presumably under article 777 of the Customs Regulations of 1923, reading:

If the collector shall be of the opinion that any claim in a protest requires further review of an advisory classification or return in order to complete the record necessary to a proper consideration of the issue involved, he shall forward the invoice papers to the appraiser for a special report as to the character and description of the merchandise and any other facts relevant to the case.

The appraiser will return all papers to the collector with his report, together with the samples, if any, of the merchandise under consideration.

The date upon which the protest was transmitted by the collector to the appraiser for the latter's special report does not appear in the record, but the said special report itself, which the court below declined to admit as a part of the record, is stated in that court's opinion to bear date of November 25, 1929.

---

[1] See opinion on rehearing, p. 348.

The protest having been filed on June 27, 1929, the 60-day period within which the collector had authority to act on same expired August 28, 1929, and, he having failed to change or modify his former classification, it became his duty, by the terms of said section 515 of said tariff act, "forthwith" to "transmit the entry and the accompanying papers, and all the exhibits connected therewith" to the United States Customs Court "for due assignment and determination, as provided by law    *    *    *."

The collector's letter transmitting the papers to the said Customs Court was dated December 5, 1929, and reads:

DECEMBER 5, 1929.

Respectfully referred to the U. S. Customs Court for decision.

Duty was assessed at the appropriate rate provided for in the tariff act in force at time of entry, in accordance with the advisory return of the appraiser.

From the appraiser's special report herewith, the protest appears to be valid or partly valid   However, as the period during which this office may review liquidation under section 515 of the act of 1922 has expired, the papers are forwarded to your court for disposition.   The protest was received within the statutory time.

PHILIP ELTING, *Collector.*

The special report of the appraiser seems to have been transmitted along with the other papers and, when the case came on for trial, counsel for the importers moved the incorporation of same "as to the description of the merchandise." Government counsel objected, the sole ground of objection stated being that "Appraiser's reports are not proper evidence in these cases." Nothing was said about the report being belated. The trial court sustained the objection without giving any reason therefor at the time, and counsel for appellants then said:

I do not want an exception to the ruling, and I will submit the case.   I would like to file a brief in this case to show that this report is part of the official papers before this court.

No testimony was taken in the case, and on March 18, 1931, the Customs Court, in an elaborate opinion by Judge Tilson, T. D. 44728, wherein authorities were cited and appropriately commented upon, held that the special report of the appraiser made after the collector had lost jurisdiction of the case "is not any part of the official transaction or record in this case," and overruled the protest.

The appeal to this court was then taken, and errors assigned, the second allegation being that the Customs Court erred—

In not *considering as a part of the record* in the case the description of the imported merchandise made by the appraiser and transmitted by the collector of customs to the court with the protest.   (Italics ours.)

We do not think there was any error in the court's decision. The special report of the appraiser was never before the collector within

the time fixed by the statute as the period during which the latter official had jurisdiction to alter or modify his original classification. It was not any part of the official record before him during the time when he could act and, therefore, amounted to nothing more than an unofficial act. It did not become a legal part of the record.

In *National Hat Pin Co.* v. *United States,* 5 Ct. Cust. Appls. 435, T. D. 34971, this court held that special reports analogous to that at bar "were extra-official, and therefore not entitled to be considered as parts of the official record in the case." In the case of *Tower Manufacturing & Novelty Co. et al.* v. *United States,* 6 Ct. Cust. Appls. 267, 271, T. D. 35478, we reviewed and followed the rule so announced in the *National Hat Pin* case, *supra,* and declared the decision therein to have been "a corollary of that announced" in *United States* v. *Straus & Sons,* 5 Ct. Cust. Appls. 147, T. D. 34193.

Appellants' brief cites *Weiss & Biheller* v. *United States,* 18 C. C. P. A. (Customs) 293, T. D. 44503, wherein this court quoted a description from an appraiser's report made several months "after the expiration of the 60-day period," the insistence being that the court must have deemed it a part of the record.

It is sufficient to say that in that case there was no issue raised as to report quoted from, nor was there any issue of fact as to the description of the merchandise there involved. This court quoted the report without any consideration of its date and made no further allusion to it, because there was no contest whatever concerning it. The court below was correct in holding that there was no purpose, by simply quoting it, to overrule the doctrine announced in the *Tower Manufacturing & Novelty* case and other cases cited, *supra.*

An examination of the case of *United States* v. *Gandolfi & Co.,* 12 Ct. Cust. Appls. 455, T. D. 40615, briefly and incidentally referred to during the oral argument in the case at bar, discloses that there is no holding therein which differs from the rule previously announced in the cases cited.

It is noted that appellants have stressed merely that the special report is a *part of the record,* while Government counsel, at the trial, based objection to its admission merely upon the ground that it is "not proper *evidence.*"

In view of the fact that we agree with the court below in its decision that the special report did not become a legal part of the record, there is no necessity of here discussing or considering what its status would have been had it been seasonably made.

Neither is there any necessity for our passing upon the Government's contention to the effect that the failure of appellants to save an exception to the ruling of the court, denying its admission, precludes them from bringing the matter before this court.

It is not amiss, however, to say that to have taken an exception would have been a most proper course of procedure and would have accorded with good practice.

For the reasons stated in the opinion of the Customs Court, and herein briefly restated, the judgment of that court is *affirmed*.