RAPHAEL GLASS CO. AND F. P. DOW CO. (INC.) v. UNITED STATES
(No. 3593)[1]

[1] T. D. 46079.

United States Court of Customs and Patent Appeals, December 5, 1932

*Lawrence & Baldwin* (*Martin T. Baldwin* of counsel) for appellants.
*Charles D. Lawrence*, Assistant Attorney General, for the United States.

[Oral argument October 4, 1932, by Mr. Baldwin and Mr. Charles D. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court.

Merchandise, described by the appraiser on the invoice as "colored rolled glass," some under one-half inch, and the other one-half inch or over, in thickness, was assessed by the collector at the port of Los Angeles with a duty of 5 per centum ad valorem, in addition to the rates otherwise chargeable thereon, under paragraph 224 of the Tariff Act of 1930.

The importer protested, claiming that "5% additional duty was erroneously assessed on rolled glass cold over ½ inch in thickness."

The protest was dated June 15, 1931.

In reply to the protest the appraiser reported as follows:

This protest is well taken. The merchandise in question is over ½ inch in thickness and should not have been assessed with the additional 5% for coloring.

On September 12, 1931, the collector reported to the United States Customs Court that—

This protest conceded. The 5% additional duty for coloring on the glass is in error. Ninety days having elapsed from date protest was filed the collector is unable to reliquidate, following T. D. 43877,

and transmitted therewith the entry and the accompanying papers.

When the case came on for trial in the court below counsel for appellants, with the consent of counsel for the Government, introduced in evidence the appraiser's report hereinbefore quoted.

On this record the court below, Brown, Judge, dissenting, overruled the protest, holding in substance that sufficient facts were not disclosed to establish that the collector's action, in assessing the additional duty under paragraph 224, was erroneous.

In its decision the court stated that—

There was nothing to prevent the plaintiff from establishing by facts or stipulation the dutiable condition of the merchandise. This court can not supply the deficiency by imagination.

No brief was filed by counsel for the Government in this court.

Although we are unable to concur in the conclusion reached by the court below we agree that it would have been a simple matter to have presented the facts with greater clarity.

In order that the issues may be more clearly understood we quote the various provisions of the paragraphs of the Tariff Act of 1930 pertinent thereto:

PAR. 222. (a) Plate glass, by whatever process made, not exceeding three hundred and eighty-four square inches, 12½ cents per square foot; above that, and not exceeding seven hundred and twenty square inches, 17 cents per square foot; above that, and not exceeding one thousand and eight square inches, 17½ cents per square foot; all above that, 19¾ cents per square foot: *Provided*, That none of the foregoing measuring one-half inch or over in thickness shall be subject to a less rate of duty than 50 per centum ad valorem.

(b) Plate glass containing a wire netting within itself, not exceeding three hundred and eighty-four square inches, 15 cents per square foot; above that, and not exceeding seven hundred and twenty square inches, 20 cents per square foot; all above that, 23 cents per square foot.

(c) The term "plate glass," when used in this Act, means glass wholly ground and polished on both surfaces.

(d) Rolled, cylinder, crown, and sheet glass, not plate glass, if ground wholly or in part (whether or not polished) otherwise than for the purpose of ornamentation, or if one-fourth of one inch or more in thickness and obscured by coloring prior to solidification, shall be subject to the duties provided in subparagraph (a) or (b) of this paragraph; if any of the foregoing is subjected to any of the processes specified in paragraph 224, the additional duty provided therein shall apply.

PAR. 224. Plate, rolled, cylinder, crown, and sheet glass, and glass mirrors exceeding in size one hundred and forty-four square inches, by whatever process made, when bent, frosted, sanded, enameled, beveled, etched, embossed, engraved, flashed, stained, colored (except glass not plate glass and not less than one-fourth of one inch in thickness, when obscured by coloring prior to solidification), painted, ornamented, or decorated, shall be subject to a duty of 5 per centum ad valorem in addition to the rates otherwise chargeable thereon.

In their reports the collector and the appraiser not only conceded that the protest was well taken but that the 5 per centum additional duty for coloring was erroneous.

These reports, it seems to us, must be construed as findings by the collector and the appraiser that the imported glass was not plate glass; that it was not less than one-fourth of one inch in thickness; and that, if colored at all, it was "obscured by coloring prior to

solidification." These were questions of fact to be determined by the collector, and, although the language used in his report might be considered as a statement of his conclusions of law, we are of opinion that it ought not to be so construed in this case. A like construction should be given the report of the appraiser which was introduced in evidence.

The protest was dated June 15, 1931. The collector's report was dated September 12, 1931.

Obviously, the collector was in error in stating in his report that 90 days had elapsed "from date protest was filed" and in holding that he did not have jurisdiction to modify his original decision and to grant the prayer of the protest.

Section 515 of the Tariff Act of 1930 provides that upon the filing of a protest the collector shall review his decision within 90 days.

In the case of *United States* v. *Gandolfi & Co.*, 12 Ct. Cust. Appls. 455, T. D. 40615, this court, in considering a situation somewhat similar to that here presented, after reviewing the authorities, among other things, said:

We are of the opinion that where a collector makes an official report, such as appears in this case, within the period of time provided for review by him of an advisory classification, and asserts that his official action is wrong, and that the claim made in the protest is entirely valid, and further states that the merchandise is properly dutiable under a paragraph of the tariff act which provides for merchandise such as is described in the invoice, there is no presumption of correctness attending his official decision, and the statement in such report as to proper classification of the merchandise, being entirely consistent with the description of the merchandise, contained in the invoice, which was a part of the record in the case, is sufficient to sustain the judgment of the Board of General Appraisers sustaining the protest.—*Wheeler, Elder & Elder* v. *United States* (11 Ct. Cust. Appls. 110; T. D. 38752).

In that case no evidence of any kind was submitted by the importer on the trial. In the case at bar the appraiser's report was submitted in evidence.

Furthermore, in the *Gandolfi case, supra*, the collector repudiated the appraiser's report filed in answer to the protest, whereas in the case at bar the collector and the appraiser agree as to the proper description and character of the merchandise.

From what has been said it would seem to be clear that both the collector and the appraiser found as a fact that the involved merchandise was not plate glass; that it was not less than one-fourth of one inch in thickness; and that, if colored at all, it was obscured by coloring prior to solidification. This being so, the merchandise was not dutiable under paragraph 224, *supra*, and it was the duty of the collector to modify his decision accordingly.

For the reasons stated the judgment is *reversed* and the cause *remanded* for proceedings consistent with the views herein expressed.