BEFORE THE FIRST DIVISION, OCTOBER 6, 1948

**No. 52579.**—Mid State Sales Co. *v.* United States, protests 127874–K, etc. (New York).

Oliver, Chief Judge: These protests are against the action of the collector of customs at the port of New York in assessing duty on certain tortoise shell

barrettes which were classified for duty as jewelry at rates equivalent to 55 per centum ad valorem under paragraph 1527 (a) (2) of the Tariff Act of 1930. The importer claims the merchandise to be properly dutiable as manufactures of shell at 35 per centum ad valorem under paragraph 1538, or as articles manufactured in whole or in part, not specially provided for, at 20 per centum ad valorem under paragraph 1558 of the tariff act. It appears from the record that in protests 130470–K, 130490–K, 130517–K, and 131841–K the time in which the collector of customs was authorized to reliquidate the entries therein had expired. In the latter protests there were received at the time of the transmission of the same to this court memoranda to the effect that the merchandise would now be properly classified at 35 per centum ad valorem under paragraph 1538 of the Tariff Act of 1930. In the first protest, No. 127874–K, the collector reviewed his decision in accordance with section 515 of the Tariff Act of 1930 but found no reason for modifying or changing his original decision. The cases herein have been submitted on the papers transmitted by the collector.

Section 515 of the Tariff Act of 1930 provides:

### SEC. 515. PROTEST AGAINST COLLECTOR'S DECISIONS.

Upon the filing of such protest the collector shall within ninety days thereafter review his decision, and may modify the same in whole or in part and thereafter remit or refund any duties, charge, or exaction found to have been assessed or collected in excess, or pay any drawback found due, of which notice shall be given as in the case of the original liquidation, and against which protest may be filed within the same time and in the same manner and under the same conditions as against the original liquidation or decision. If the collector shall, upon such review, affirm his original decision, or if a protest shall be filed against his modification of any decision, and, in the case of merchandise entered for consumption, if all duties and charges shall be paid, then the collector shall forthwith transmit the entry and the accompanying papers, and all the exhibits connected therewith, to the United States Customs Court for due assignment and determination, as provided by law. Such determination shall be final and conclusive upon all persons, and the papers transmitted shall be returned, with the decision and judgment order thereon, to the collector, who shall take action accordingly, except in cases in which an appeal shall be filed in the United States Court of Customs and Patent Appeals within the time and in the manner provided by law.

The statements of the collector in effect conceding the importer's claim in four of the cases as noted is not binding on this court inasmuch as he has lost the authority to reliquidate and is no longer a party to these suits and cannot, therefore, make an admission against the interests of the United States which will bind this court. (*Bullocks (Inc.)* v. *United States*, 61 Treas. Dec. 718, T. D. 45552.) Whether or not these protests are well-taken is a matter to be determined by this court upon proper evidence.

The record herein fails to disclose any competent evidence to overcome the presumption of correctness attaching to the collector's classification.

For the reasons hereinbefore stated the claims in these suits are overruled Judgment will be rendered accordingly.