### (C. D. 1737)

### CALIF-ASIA RATTAN COMPANY *v.* UNITED STATES

United States Customs Court, First Division

(Dated November 15, 1955)

*Lawrence & Tuttle* (*George R. Tuttle* and *Charles F. Lawrence* of counsel) for the plaintiff.

*Warren E. Burger*, Assistant Attorney General (*Mollie Strum*, special attorney), for the defendant.

Before OLIVER, MOLLISON, and WILSON, Judges

MOLLISON, Judge: At various dates in 1949 and 1950, the plaintiff, Calif-Asia Rattan Company, imported certain furniture, which was assessed with duty by the collector of customs at Los Angeles at the rate of 30 per centum ad valorem under paragraph 409 of the Tariff Act of 1930, as modified by Presidential proclamation, as rattan furniture. Liquidation of the entries took place at various dates in July and September 1951.

On August 9, 1951, the plaintiff filed with the collector at Los Angeles a protest—

\* \* \* against your liquidation or your decision assessing, imposing, or collecting duty, fees, or other exactions \* \* \* in connection with the entries or other matters referred to below.

At the bottom of the protest were listed seven entries, all prefixed DE, being Nos. 5488, 6309, 6524, 6535, 6870, 7291, and 8172, all of which had been liquidated in July and August 1951.

The protest claim was for duty at the rates of 20 per centum ad valorem upon such of the merchandise as consisted of chairs under the provision for wood furniture in paragraph 412 of the said act, as modified by Presidential proclamation, and at 12½ per centum ad valorem under the same provision for such of the merchandise as consisted of wood furniture, other than chairs.

Some time later, the protest was assigned collector's protest number 40474, and was *not* transmitted to the Customs Court in the manner prescribed by the statute, section 515 of the Tariff Act of 1930, which, insofar as pertinent, reads as follows:

Upon the filing of such protest the collector shall *within ninety days thereafter* review his decision, and may modify the same in whole or in part and thereafter remit or refund any duties, charge, or exaction found to have been assessed or collected in excess, or pay any drawback found due, of which notice shall be given as in the case of the original liquidation, and against which protest may be filed within the same time and in the same manner and under the same conditions as against the original liquidation or decision. If the collector shall, upon such review, affirm his original decision, or if a protest shall be filed against his modification of any decision, and, in the case of merchandise entered for consumption, if all duties and charges shall be paid, then the collector *shall forthwith transmit* the entry and the accompanying papers, and all the exhibits connected therewith, to the United States Customs Court for due assignment and determination, as provided by law. * * * [Italics added.]

Entry 6535, with which we are here particularly concerned, was originally liquidated on July 13, 1951. It appears that, subsequent to the filing of protest 40474 on August 9, 1951, a reliquidation of entry 6535 was made by the collector, with respect to an item of shortage, on September 21, 1951. This reliquidation was not in response to the protest and had no connection with the protest claims. Subsequently, however, and on October 5, 1951, a protest, later given collector's No. 40473, containing the same claims as collector's protest No. 40474, was filed against the collector's liquidation or decision with respect to entry 6535 and six other entries, all prefixed DE and numbered 3741, 3980, 4158, 6810, 8534, and 8593, which entries had been liquidated on September 20 or 21, 1951.

In the column of protest 40473, headed "LIQUIDATED," the date opposite the details as to entry 6535 is given as "9/21/51," which was the date of reliquidation of the entry. On its face, therefore, in relation to entry 6535, protest 40474 would seem to be directed against the reliquidation of that entry.

Like protest 40474, protest 40473 was retained by the collector of customs beyond the 90-day statutory period within which he might review his decision. It was, however, forwarded to the court and received therein on March 3, 1952, 2 months after the time when the collector lost any jurisdiction over the same and after the time when he was directed by statute "forthwith" to transmit the same to this court.

It appears that, at some time after the filing of protest 40473, an employee of the collector advised a representative of the plaintiff's attorneys, one Ray E. Musick, that there had been a duplication of protests covering entry 6535. This statement was, of course, inaccurate, inasmuch as protest 40474 was directed against the original

liquidation, while protest 40473 was directed against the reliquidation. There was, consequently, a misapprehension of fact on the part of both the collector's employee and Mr. Musick.

At the request of the collector's employee, Mr. Musick wrote on protest 40473, opposite the details with respect to entry 6535, the words "Belongs with protest 40474 (Liq- 7–13–51)."

On January 29, 1952, the United States Court of Customs and Patent Appeals decided the case of *Calif-Asia Co., Ltd.* v. *United States*, reported in 39 C. C. P. A. (Customs) 133, C. A. D. 475, on the subject of cane furniture. At some time subsequent to that date, the Treasury Department determined to apply the principle of the *Calif-Asia* decision (the result of which was adverse to the contention of the Government) to entries covering such merchandise which had been the subject of protest.

In the meantime, as has been stated, protest 40473 was received in the United States Customs Court on March 3, 1952. Some time later, and on or about December 1, 1952, Mr. Musick was again advised by an employee of the collector's office that there had been a duplication of protests, with respect to entry 6535, and that protest 40473, on which it appeared, had been forwarded to the court. At the request of the collector's employee, Mr. Musick drew a pen-and-ink line through the writing on protest 40474 (which the collector had not forwarded to the court) relating to entry 6535, and added the following: "REM w/protest 40473." Mr. Musick testified that the letters "REM" were his initials and that the "w/" was an abbreviation for "with."

The collector treated Mr. Musick's action as an abandonment of protest 40474, insofar as entry 6535 was concerned, and, on December 5, 1952, proceeded to reliquidate the other six entries listed on the said protest, in accordance with the protest claim.

Protest 40473 was assigned court protest No. 181203–K, and duly came on to be heard at the port of Los Angeles on April 23, 1954. At that time, counsel for the plaintiff and defendant presented to the court the facts, hereinbefore recited. At the request of counsel for the plaintiff, protest 40474 was taken from the files of the collector and produced in court. Upon motion of counsel for the defendant, it, and the accompanying correspondence file, were received in evidence as defendant's collective exhibit A.

Counsel for the plaintiff indicated to the court his belief that, insofar as protest 181203–K/40473 relates to entry 6535, it was directed only to the reliquidation made on September 21, 1951, with respect to the item of shortage, and was insufficient to reach the matter of the original liquidation made on July 13, 1951. Counsel stated he was prepared to abandon protest 181203–K/40473, insofar as it relates to entry 6535, and requested that protest 40474 be con-

sidered as filed with the court and that a ruling as to whether, as to entry 6535, it is a valid and subsisting protest be made. Opposition to both requests was made by counsel for the defendant, and the briefs filed herein are directed solely to that matter.

It is the position of the defendant that the line drawn by Mr. Musick through the details concerning entry 6535 on protest 40474 constituted a withdrawal of the protest by the attorney for the plaintiff, insofar as it concerned that entry. We disagree. In the first place, it is clear from the record that there was an entire absence of any intention on the part of Mr. Musick or plaintiff's attorneys to withdraw or abandon any claims with respect to the classification of the merchandise under the original liquidation of entry 6535. In the second place, we do not consider the drawing of a line through the data respecting entry 6535 followed by Mr. Musick's initials and the language "w/ protest 40473" to be so unequivocal in meaning that they cannot be considered other than as an abandonment or withdrawal of the protest with respect to entry 6535. At the most, in our view, they amount to an ambiguous action, capable of many meanings, and subject to explanation.

In the third place, and this is most important of all, we are satisfied that, after the expiration of 90 days from the date of filing protest 40474, the collector had no jurisdiction over the protest or its subject matter as would permit him to take any action at the request of the parties or otherwise which would in any way affect the validity or existence of the protest or alter the circumstances of the subject matter. The law is very plain, and the decisions on the subject have been uniform, that, at the expiration of 90 days from the date of filing a protest, if the collector has not acted to modify his decision in whole or in part, jurisdiction over the protest and the subject matter is automatically divested from the collector and vested in this court. Section 515, *supra*; *United States* v. *Straus & Sons et al.*, 5 Ct. Cust. Appls. 147, T. D. 34193; *Geo. S. Bush & Co., Inc., et al.* v. *United States*, 22 Cust. Ct. 158, C. D. 1175; and *Mid State Sales Co.* v. *United States*, 21 Cust. Ct. 209, Abstract 52579, and cases cited in the foregoing cases. As the cited cases show, this is so whether the protest has been transmitted to the court or not.

It seems clear that the collector may retain custody of the protest until the duties and charges involved have been paid, but there can be no question but that, if the duties and charges have been paid, the collector has only one function, viz, to transmit the protest, entry, accompanying papers, and exhibits to the United States Customs Court.

Applying these principles to the matter at hand, we hold that the collector had no warrant in law to retain protest 40474 upon any

ground that it had been withdrawn or abandoned after the expiration of the statutory 90-day period within which he might review his decision thereon. His only power and duty in the matter was to transmit the protest to this court for due assignment and determination, as provided by law.

*Raphael Weill & Co.* v. *United States,* 21 C. C. P. A. (Customs) 152, T. D. 46479, cited and discussed in the brief filed by the plaintiff, is not in point. In that case, there was a clear-cut intentional waiver or abandonment of the protest by plaintiff's attorney, who was under the impression that the protest claim had no merit. More than 5 years later, it was determined in another suit that there was merit in the issue, and plaintiff's attorney sought to have the waiver set aside. Although the waiver was executed in the collector's office after the time when the protest and the entry should have been transmitted to the Customs Court, it was pointed out that, had the protest been transmitted to the Customs Court, it would have been disposed of prior to the time when plaintiff's attorney realized he had a meritorious case. The decision rested upon the ground that laches had affected whatever legal right the plaintiff might have had to have the waiver of the protest disregarded.

There is no evidence of laches or lack of diligence here. Even though the matter has been brought to our attention in a collateral way, it is clear that we have power to act upon it. The protest, No. 40474, and the entry, No. 6535, are now physically where they belong, in the possession of the court, albeit by other means than transmission by the collector in accordance with his statutory duty. In the light of the explanation of the circumstances under which protest 40474 was marked as it was, and no defect otherwise appearing, we are satisfied that it is a valid and subsisting protest. Accordingly, we direct that collector's protest 40474, now marked defendant's collective exhibit A in this case, together with the accompanying file of correspondence, be marked by the clerk of this court as having been received in this court on April 23, 1954, the day it was produced in court, and that it be processed in the usual manner in accordance with the law and the rules of this court with respect to the receipt of protests.

Protest 40474 is not before us for disposition. Consequently, we can make no order with reference to the same other than the above and that it be placed upon the next regular Los Angeles calendar of this court.

At the conclusion of the hearing in protest 181203–K/40473, counsel for the plaintiff advised the court that he was presenting a stipulation to the Government which, if accepted by the latter, would dispose of all the entries covered by that protest, except entry 6535, which, he stated, he was abandoning. He likewise stated that he was presenting

to the Government a stipulation with respect to protest 40474, which would be dispositive thereof, if accepted by the Government.

It was indicated that no action in the matters would be taken by the Government, until the determination of the validity of protest 40474, and, consequently, neither stipulation has been offered to the court. The record as to the protest before us, No. 181203–K/40473, is, therefore, incomplete and we are unable to proceed to dispose of the same. The submission of the protest for decision is, therefore, set aside and the case restored to the next regular Los Angeles calendar of this court for all purposes.

Order will issue accordingly.