BEFORE THE THIRD DIVISION, FEBRUARY 26, 1958

No. 61591.—Christian Dior, N. Y., Inc. v. United States, protest 233907–K (New York).

JOHNSON, Judge: The merchandise involved in this case consists of certain silk woven fabrics, assessed with duty at 25 per centum ad valorem under paragraph 1205 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, and certain woolen woven fabrics, assessed with duty at 25 per centum ad valorem, plus 37½ cents per pound, under paragraph 1109 of said tariff act, as modified. It is claimed that the merchandise is entitled to free entry under paragraph 1615 of said tariff act, as amended by the Customs Administrative Act of 1938, as American goods returned.

This case has been submitted upon a stipulation of counsel reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States, subject to the approval of the Court that the merchandise here in issue consists of certain fabric included in three packages silk and woolen woven fabrics, the individual articles protested being noted on the invoice as made in the United States which are articles of the manufacture of the United States and had been returned after having been exported, without having been advanced in value or improved in condition by any process of manufacture or other means, and without drawback having been paid or allowed, and that duty was assessed on the silk woven fabrics under the provisions of paragraph 1205, Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802 and T. D. 52476, at 25% ad valorem, and that duty was assessed on the woolen woven fabrics under the provisions of paragraph 1109, Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802 at 25% ad valorem plus 37½¢ per pound.

IT IS FURTHER STIPULATED AND AGREED that the duties were imposed in the liquidation of the said entry by reason of the failure of the importer to comply with section 10.1 of the Customs Regulations of 1943, then in effect. That if said regulations had been complied with, the merchandise would have been granted free entry under the provisions of paragraph 1615 of the Tariff Act of 1930 as amended.

IT IS FURTHER STIPULATED AND AGREED that the importer has now complied with the Customs Regulations of 1943, which were in effect at the time of importation, specifically sections 10.1 (a) (1), (2) by the filing of consular form 129 and customs form 3311, and has complied with section 10.1 (a) (3) of the Regulations by virtue of the collector's waiver of the filing of customs form 4467 in accordance with the provisions of the said section.

IT IS FURTHER STIPULATED AND AGREED that all papers contained in the official entry jackets be received in evidence herein.

IT IS FURTHER STIPULATED AND AGREED that the protest shall be submitted on this stipulation.

It appears from the official papers that this merchandise was entered as dutiable at the rates and under the paragraphs above cited. The entry was liquidated

and duty assessed on April 1, 1954. Thereafter, a protest was filed claiming that the merchandise which was described on the invoice as made in the United States should have been entered as American goods returned and requesting that the entry be reliquidated and duty refunded as to such merchandise.

Paragraph 1615 of the Tariff Act of 1930, as amended, provides for free entry for articles, the growth, produce, or manufacture of the United States, when returned without having been advanced in value or improved in condition while abroad, provided the regulations prescribed by the Secretary of the Treasury have been complied with. The regulations in effect at the time of this entry (customs regulations, sections 10.1 and 10.2) provide that there be filed in connection with the entry of articles claimed to be free of duty under paragraph 1615, as amended, a declaration of the foreign shipper on foreign service Form 129, a declaration of the owner, importer, consignee, or agent on customs Form 3311, and a certificate on customs Form 4467, except that the latter is not required where the articles are unquestionably products of the United States, not advanced in value or improved in condition, and the collector is satisfied that no drawback was allowed when the goods were exported from the United States. It is further provided that the collector may waive the filing of the declaration on foreign service Form 129, if he is satisfied as to the existence of all facts upon which entry under paragraph 1615, as amended, depends. It is well settled that free entry under this paragraph is a privilege and that all the requirements of the regulations must be met, unless compliance is waived by the collector or is impossible. *Maple Leaf Petroleum, Ltd.* v. *United States*, 25 C. C. P. A. (Customs) 5, T. D. 48976; *Mine Safety Appliances Company* v. *United States*, 36 Cust. Ct. 277, C. D. 1786, and cases cited.

In the instant case, it was stipulated that duty was assessed for failure to meet the regulations, but that said regulations were subsequently complied with by the filing of consular Form 129 and customs Form 3311, and by the collector's waiver of the filing of customs Form 4467. The date of filing customs Form 3311 does not appear, but since it was not executed until May 7, 1954, it must have been filed after liquidation. The filing of said form after entry and subsequent to liquidation does not constitute a compliance with the mandatory regulations prescribed by the Secretary of the Treasury, and the filing thereof in connection with the entry may not be waived by the collector. *United States* v. *Saunders et al.*, 6 Ct. Cust. Appls. 86, T. D. 35337; *Balfour, Guthrie & Co., Limited* v. *United States*, 26 Cust. Ct. 223, C. D. 1327; *J. J. Distributing Co. et al.* v. *United States*, 40 Cust. Ct. 27, C. D. 1953.

In the instant case, the claim for free entry under paragraph 1615, as amended, was not made nor were the documents filed until after liquidation. In analogous situations under other paragraphs of the tariff act, where the regulations required the filing of documents in connection with the entry, it has been held that, while the claim may be made after entry, it cannot be sustained, unless the required documents were filed on the date of entry or within the bonded period. *Charles M. Wormser* v. *United States*, 32 Cust. Ct. 163, C. D. 1597, and cases cited. The same principle is applicable to the instant case.

For the foregoing reasons, the protest involved herein is overruled. Judgment will be rendered accordingly.