BEFORE THE THIRD DIVISION, JUNE 26, 1958

**No. 62133.**—Bluefries New York, Inc. *v.* United States, protests 259643–K, etc. (New York).

JOHNSON, Judge: The merchandise involved in these cases consists of yacht engines, assessed with duty at 15 per centum ad valorem under paragraph 370 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802. It is claimed that the merchandise is entitled to free entry

under paragraph 1615 of said tariff act, as amended by the Customs Administrative Act of 1938, as American goods returned.

These cases have been submitted upon a stipulation of counsel reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States subject to the approval of the Court that the merchandise here in issue consists of yacht engines, either gasoline or diesel which are articles of the manufacture of the United States and have been returned after having been exported, without having been advanced in value or improved in condition by any process of manufacture or other means, and without drawback having been paid or allowed, and that duty was assessed upon said merchandise under the provisions of paragraph 370 of the Tariff Act of 1930 as modified by the General Agreement on Tariffs and Trade, T. D. 51802, at 15% ad valorem, the same in all material respects as the engines the subject of *Donald G. Parrot* v. *United States*, 40 C. C. P. A. (Customs) 8, C. A. D. 490 and *C. J. Tower & Sons* v. *United States*, 33 Cust. Ct. 14, C. D. 1628, and that the records therein be received in evidence.

IT IS FURTHER STIPULATED AND AGREED that the duties were imposed in the liquidation of the said entries by reason of the failure of the importer to file consular form 129, customs form 3311, and the certificate of outward manifest, customs form 4467, as required by section 10.1 of the Customs Regulations of 1943 then in effect. That if said certificates had been in the possession of the collector at the time of the review of the protests herein, the merchandise would have been granted free entry under the provisions of paragraph 1615 of the Tariff Act of 1930 as amended.

IT IS FURTHER STIPULATED AND AGREED that the importer has now complied with the Customs Regulations of 1943, which were in effect at the time of importation, specifically sections 10.1 (a) (1), (2) by the filing of consular form 129 and customs form 3311, and has complied with section 10.1(a) (3) of the Regulations by virtue of the collector's waiver of the filing of customs form 4467 in accordance with the provisions of the said section.

IT IS FURTHER STIPULATED AND AGREED that all papers contained in the official entry jackets be received in evidence herein.

IT IS FURTHER STIPULATED AND AGREED that the protests shall be submitted on this stipulation.

It appears from the official papers that the imported merchandise was entered as yachts or motorboats dutiable under said paragraph 370, as modified. The entries were liquidated and duty assessed on August 2, 1954, October 29, 1954, June 18, 1954, and June 16, 1954, respectively. Thereafter, protests were filed claiming that the engines were entitled to free entry as American goods returned.

Paragraph 1615 of the Tariff Act of 1930, as amended, provides for free entry for articles, the growth, produce, or manufacture of the United States, when returned without having been advanced in value or improved in condition while abroad, provided the regulations prescribed by the Secretary of the Treasury have been complied with. The regulations in effect at the time of these entries (customs regulations, sections 10.1 and 10.2) provide that there be filed in connection with the entry of articles claimed to be free of duty under paragraph 1615, as amended, a declaration of the foreign shipper on foreign service Form 129, a declaration of the owner, importer, consignee, or agent on customs Form 3311, and a certificate on customs Form 4467, except that the latter is not required where the articles are unquestionably products of the United States, not advanced in value or improved in condition, and the collector is satisfied that no drawback was allowed when the goods were exported from the United States. It is further provided that the collector may waive the filing of the declaration on foreign service Form 129, if he is satisfied as to the existence of all facts upon which entry under paragraph 1615, as amended, depends. It is well settled that free entry under this paragraph is a privilege and that all the requirements of the regulations must be met, unless compliance is waived by the collector or is impossible. *Maple*

*Leaf Petroleum, Ltd.* v. *United States,* 25 C. C. P. A. (Customs) 5, T. D. 48976; *Mine Safety Appliances Company* v. *United States,* 36 Cust. Ct. 277, C. D. 1786, and cases cited.

In the instant case, it was stipulated that duty was assessed for failure to meet the regulations, but that said regulations were subsequently complied with by the filing of consular Form 129 and customs Form 3311, and by the collector's waiver of the filing of customs Form 4467, and that had the certificates been in the possession of the collector at the time of his review of the protests, the merchandise would have been granted free entry under paragraph 1615, as amended. The filing of these documents after entry and subsequent to liquidation and the expiration of the period during which the collector might review his decision does not constitute a compliance with the mandatory regulations prescribed by the Secretary of the Treasury. *United States* v. *Saunders et al.,* 6 Ct. Cust. Appls. 86, T. D. 35337; *Balfour, Guthrie & Co., Limited* v. *United States,* 26 Cust. Ct. 223, C. D. 1327; *J. J. Distributing Co. et al.* v. *United States,* 40 Cust. Ct. 27, C. D. 1953.

In the instant case, the claim for free entry under paragraph 1615, as amended, was not made nor were the documents filed until after liquidation. In analogous situations under other paragraphs of the tariff act, where the regulations required the filing of documents in connection with the entry, it has been held that while the claim may be made after entry, it cannot be sustained, unless the required documents were filed on the date of entry or within the bonded period. *Charles M. Wormser* v. *United States,* 32 Cust. Ct. 163, C. D. 1597, and cases cited. The same principle is applicable to the instant case.

For the foregoing reasons, the protests involved herein are overruled. Judgment will be rendered accordingly.