BEFORE THE THIRD DIVISION, JULY 5, 1960

**No. 64361.**—Hertvy Co., Inc. *v.* United States, protest 59/11549 (New York).

JOHNSON, Judge:   This is a protest against the collector's assessment of duty on battery movements sent abroad for repairs and on other merchandise at 75 cents each under paragraph 367(a)(2) of the Tariff Act of 1930, as modified

by T.D. 53551. It is claimed that the merchandise is free of duty under paragraph 1615 of said tariff act, as amended, *infra*.

Counsel have submitted this case on a stipulation reading as follows:

IT IS STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States that the merchandise embraced in the above enumerated entry, entered at the Port of New York free of duty under the provisions of Paragraph 1615(g) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, was assessed for duty in the liquidation of the entry by reason of the fact that the importer had failed to comply with Section 10.8 of the Customs Regulations of 1943, as amended, then in effect. However, the importer has since complied with the aforementioned regulations.

That had the documents required for compliance with the above mentioned section of the Regulations been in the possession of the Collector at the time of the review of the protest herein, the assessment of duty upon the merchandise herein would have been limited to the cost of the repairs as shown on the documents herein, which was exactly $194.67 and would not be applicable to the movements which were sent abroad for repairs under a guarantee in the purchase agreement.

Plaintiff waives the right to first docket call and further amendment of this protest.

Paragraph 1615 of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938 and the Customs Simplification Act of 1954, so far as here pertinent, provides:

(g) (1)   Any article exported from the United States for repairs or alterations may be returned upon the payment of a duty upon the value of the repairs or alterations at the rate or rates which would apply to the article itself in its repaired or altered condition if not within the purview of this subparagraph (g).

\*          \*          \*          \*          \*          \*          \*

(h)   The allowance of total or partial exemption from duty under any provision of this paragraph shall be subject to such regulations as to proof of identity and compliance with the conditions of this paragraph as the Secretary of the Treasury may prescribe.

It appears from the collector's memorandum in the instant case that the document which the importer failed to file, in compliance with section 10.8(i), Customs Regulations, was the shipper's repair statement. Although the regulations require it to be filed in connection with the entry, it was not filed until after liquidation and after the filing of this protest.

A similar situation was before the court in *Indianapolis Machinery & Export Co., Inc.* v. *United States*, 42 Cust. Ct. 137, C.D. 2076. It was held (1) that compliance with the regulations regarding merchandise sent abroad for repairs was mandatory and (2) that where a shipper's statement was required to be filed "in connection with an entry," its production after the bonded period had expired, subsequent to liquidation, and after the period during which the collector might have reliquidated had elapsed did not constitute compliance with the regulations.

Since that time, the Customs Regulations have been amended by the addition of the following section (T.D. 55059, effective March 2, 1960) :

LATE FILING OF FREE ENTRY DOCUMENTS

10.112   Filing free entry documents after entry.—Whenever a document, form, or statement required by regulations in this part to be filed in connection with the entry is not filed at the time of the entry or within the period for which a bond was filed for its production but failure to file it was not due to wilful negligence or fraudulent intent, such document, form, or statement may be filed at any time prior to liquidation of the entry or, if the entry was liquidated, before the liquidation becomes final.

(R.S. 251, sec. 624, 46 Stat. 759 ; 19 U.S.C. 66, 1624.)

Since the liquidation herein has not become final, by reason of the filing of the protest, and since the amendment is a remedial regulation, it is applicable to the instant case.

On the record presented, we hold that, by virtue of paragraph 1615(g) of the Tariff Act of 1930, as amended, the 721 battery movements involved herein are subject to duty upon the value of the repairs only, to wit, $194.67, at the rate which would apply to the articles themselves in their repaired or altered condition. *United States* v. *Gruen Watch Co.*, 23 C.C.P.A. (Customs) 183, T.D. 4'8029.

To that extent, the protest is sustained. As to all other merchandise and in all other respects, it is overruled. Judgment will be rendered accordingly.