(C.D. 2296)

BERTRAND FRERES, INC., ET AL. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided November 21, 1961)

*John D. Rode* (*Ellsworth F. Qualey* of counsel) for the plaintiffs.
*William H. Orrick, Jr.*, Assistant Attorney General (*Sheila N. Ziff*, trial attorney), for the defendant.

Before JOHNSON, DONLON, and RICHARDSON, Judges

JOHNSON, Judge: These are protests involving drums containing merchandise imported from various countries during 1957 and 1958 and assessed with duty at 12½ per centum ad valorem under paragraph 328 of the Tariff Act of 1930, as modified by the Annecy Protocol of Terms of Accession to the General Agreement on Tariffs and Trade, T.D. 52373, effective March 9, 1950, T.D. 52423, as cylindrical tanks for holding gas, liquids, or other material. It is claimed that the merchandise is entitled to entry free of duty under paragraph 1615 of the Tariff Act of 1930, as amended, as American goods returned.

Counsel have submitted these cases on a stipulation reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiffs and the Assistant Attorney General for the United States, subject

to the approval of the Court, that the merchandise involved in each of the protests listed in the attached Schedule and here in issue consists of certain drums manufactured in the United States and returned after having been exported, without having been advanced in value or improved in condition by any process of manufacture or other means, and without drawback having been paid or allowed; that the same drums were entered as dutiable under the provisions of Paragraph 328 of the Tariff Act of 1930 as modified; that the Appraiser reported that said drums were of American manufacture; that in liquidation duty was assessed on the said drums for the reason that the provisions of Section 10.1 of the Customs Regulations had not been complied with in that no claim for free entry was made at the time of entry nor was Customs Form 3311 filed at the time of entry; that Customs Form 3311 was filed with the Collector after the 90-day review period provided for in Section 515 of the Tariff Act of 1930 had elapsed.

IT IS FURTHER STIPULATED AND AGREED that all documents that would have been required to satisfy the Collector have been presented to the Collector and that the merchandise would have been permitted free entry under Paragraph 1615 of the Tariff Act of 1930 as amended if the documents had been presented to the Collector prior to liquidation of the entry or the entry would have been reliquidated and free entry allowed if presented within the review period provided for in Section 515 of the Tariff Act of 1930.

IT IS FURTHER STIPULATED AND AGREED that the entry papers and attached documents covered by the protests listed in the attached Schedule be admitted into evidence herein and that the protests be consolidated and submitted for decision on the basis of the foregoing stipulation with 60 days allowed plaintiff from date of submission in which to file a brief and 60 days from the date of filing of plaintiff's brief allowed defendant in which to file a brief.

IT IS FURTHER STIPULATED AND AGREED that the protests are limited to those drums which the Appraiser has reported are of American origin and the protests are abandoned as to all other drums.

Paragraph 1615 of the Tariff Act of 1930, as amended, provides:

(a)   Articles, the growth, produce, or manufacture of the United States, when returned after having been exported, without having been advanced in value or improved in condition by any process of manufacture or other means; * * *. [Free.]

*          *          *          *          *          *          *

(h)   The allowance of total or partial exemption from duty under any provision of this paragraph shall be subject to such regulations as to proof of identity and compliance with the conditions of this paragraph as the Secretary of the Treasury may prescribe.

Pursuant to subsection (h), the Secretary of the Treasury has provided as follows in the Customs Regulations:

10.1   Domestic products; requirements on entry.—(a) Except as otherwise provided for in this section or in section 10.2, the following documents shall be filed in connection with the entry of articles claimed to be free of duty under paragraph 1615, Tariff Act of 1930, as amended:

*          *          *          *          *          *          *

(2)   A declaration of the owner, importer, consignee, or agent on customs Form 3311.

*          *          *          *          *          *          *

It has been held that compliance with these regulations is mandatory and that the filing of customs Form 3311 after entry, subsequent

to liquidation, and subsequent to the period during which the collector may review his decision does not meet the requirements. *Maple Leaf Petroleum, Ltd.* v. *United States*, 25 C.C.P.A. (Customs) 5, T.D. 48976; *Balfour, Guthrie & Co., Limited* v. *United States*, 26 Cust. Ct. 223, C.D. 1327; *J. J. Distributing Co. et al.* v. *United States*, 40 Cust. Ct. 27, C.D. 1953; *Christian Dior, N. Y., Inc.* v. *United States*, 40 Cust. Ct. 460, Abstract 61591, rehearing denied, 40 Cust. Ct. 547, Abstract 61913; *Bluefries New York, Inc.* v. *United States*, 41 Cust. Ct. 309, Abstract 62133.

In the instant case, customs Form 3311 was not filed until after liquidation and subsequent to the filing of the protest and the expiration of the period during which the collector might review his decision. Plaintiffs claim, however, that an amendment to the Customs Regulations promulgated subsequent to the cited cases permits the late filing of the required documents and that, therefore, the regulations have been complied with.

Said amendment, effective March 2, 1960, provides:

10.112 Filing free entry documents after entry.—Whenever a document, form, or statement required by regulations in this part to be filed in connection with the entry is not filed at the time of the entry or within the period for which a bond was filed for its production but failure to file it was not due to wilful negligence or fraudulent intent, such document, form, or statement may be filed at any time prior to liquidation of the entry or, if the entry was liquidated, before the liquidation becomes final.

In *Hertvy Co., Inc.* v. *United States*, 45 Cust. Ct. 210, Abstract 64361, which involved paragraph 1615 (g)(1) of the Tariff Act of 1930, as amended, the shipper's repair statement was not filed until after liquidation and after the filing of the protest, although the regulations required that it be filed in connection with the entry. We noted section 10.112 of the Customs Regulations, *supra*, and held that the regulations had been complied with, stating:

Since the liquidation herein has not become final, by reason of the filing of the protest, and since the amendment is a remedial regulation, it is applicable to the instant case.

Defendant claims, however, that the regulation in section 10.112, *supra*, is invalid to the extent that it authorizes the filing of documents with the collector after the expiration of the period during which he may review his decision subsequent to the filing of a protest, on the grounds that the collector has then been divested of his jurisdiction over the subject matter; that the Secretary of the Treasury may not make regulations concerning matters over which he has no jurisdiction and which are pending before the court; and that the effect of the regulation is to alter the circumstances of the subject matter of the action.

It is well settled that after the expiration of the 90-day review period, the collector has no jurisdiction over the protest or the subject matter; that such jurisdiction vests in the Customs Court; and that it is the duty of the collector to transmit the protest and the accompanying papers to the court. *United States* v. *Straus & Sons et al.*, 5 Ct. Cust. Appls. 147, T.D. 34193; *Calif-Asia Rattan Company* v. *United States*, 35 Cust. Ct. 154, C.D. 1737.

The regulation in the instant case does not attempt to confer on the collector any jurisdiction of which he has been divested, nor does it deprive the court of its jurisdiction over the protest. Obviously, where the papers are filed after the 90-day period, the collector may not reliquidate and grant the exemption claimed. That would be a matter for the court to decide upon presentation of competent proof not only of the filing of the documents but also of facts justifying the exemption. *United States* v. *Morris European & American Express Co.*, 3 Ct. Cust. Appls. 146, T.D. 32386; *Hull* v. *United States*, 10 Ct. Cust. Appls. 211, T.D. 38556; *United States* v. *C. J. Holt & Co., Inc.*, 17 C.C.P.A. (Customs) 385, T.D. 43822.

The authority of the Secretary of the Treasury to make the regulations involved herein is derived from the statute. He may not make regulations which extend or limit its provisions contrary to the intent of the legislature. *United States* v. *James P. Heffernan Paper Co.*, 17 C.C.P.A. (Customs) 61, T.D. 43358. However, regulations which are reasonable, not repugnant to a right accorded by Congress, or clearly in excess of statutory authority, will not be stricken down by the courts. *United States* v. *Gruen Watch Co.*, 21 C.C.P.A. (Customs) 225, T.D. 46761; *Socony Vacuum Oil Co., Inc.* v. *United States*, 44 C.C.P.A. (Customs) 83, C.A.D. 641.

In the instant case, the statute provides for the free entry of certain merchandise on condition that the allowance of exemption from duty shall be subject to such regulations as to proof of identity and compliance with the conditions of the paragraph as the Secretary of the Treasury may prescribe.

The regulations which have been issued under paragraph 1615, *supra*, and its predecessors have provided that there be filed in connection with the entry a declaration of the foreign shipper (customs Form 129), an affidavit of the owner, importer, consignee, or agent on customs Form 3311, and a certificate of exportation (customs Form 4467). Section 10.1 Customs Regulations of 1943; Article 397, Customs Regulations of 1937; Article 392, Customs Regulations of 1931; Article 369, Customs Regulations of 1923; Article 333, Customs Regulations of 1915; Articles 570–572, Customs Regulations of 1908. It has also been provided that the collector may waive record evidence of exportation and declaration of the foreign shipper, if he is satisfied by the production of other evidence of the existence of the necessary

facts. Section 10.2, Customs Regulations of 1943; Article 398, Customs Regulations of 1937; Article 393, Customs Regulations of 1931; Article 370, Customs Regulations of 1923; Article 334, Customs Regulations of 1915; Article 573, Customs Regulations of 1908.

Under these regulations, it has been held that the collector may, subsequent to the expiration of the 90-day review period and while the case is pending in court, waive the filing of a certificate of exportation or report that the certificate has been filed and that had the certificate been filed during the review period, the merchandise would have been allowed free entry. *Traders Service Corporation* v. *United States*, 9 Cust. Ct. 407, Abstract 47521; *Transcontinental & Western Air, Inc.* v. *United States*, 24 Cust. Ct. 325, Abstract 53865; *International Expediters, Inc.* v. *United States*, 30 Cust. Ct. 352, Abstract 57104; *R. J. Saunders & Co., Inc.* v. *United States*, 30 Cust. Ct. 369, Abstract 57122; *Roberts, Reilly & Sons* v. *United States*, 30 Cust. Ct. 479, Abstract 57394. In such cases, where all other necessary facts have been established, the court has granted the exemption.

However, it has been held that the collector may not waive production of customs Form 3311 and that the filing thereof after entry and after the bonded period does not meet the requirements of the regulations. *United States* v. *Saunders et al.*, 6 Ct. Cust. Appls. 86, T.D. 35337; *Wedemann, Godknecht & Lally (Inc.)* v. *United States*, 60 Treas. Dec. 566, T.D. 45175; *J. J. Distributing Co. et al.* v. *United States, supra; Christian Dior, N.Y., Inc.* v. *United States, supra; Bluefries New York, Inc.* v. *United States, supra.* The result has been to prevent the allowance of free entry by the court in cases where the merchandise would otherwise have been entitled thereto. *Christian Dior, N.Y., Inc.* v. *United States, supra; Bluefries New York, Inc.* v. *United States, supra.*

It was obviously to meet this kind of situation that the new regulation was adopted. It does not enlarge the class of merchandise entitled to free entry, since proof that the imported articles in fact fall within the terms of the statute must be presented to the court by evidence or stipulation. What it does do is to make the condition precedent to the vesting of the right of free entry less onerous by extending the time during which the documents may be filed. Since there is nothing in the statute which requires that the condition be met within a certain time, the regulation is neither unreasonable nor clearly outside the authority granted to the Secretary.

Counsel for the defendant claims that, under this regulation, the importer might, without filing the required documents, pursue his case through the courts and then, after decision but before the liquidation became final, file the required forms. Whether or not such a procedure would benefit the importer need not here be determined, since no such situation is before us. It is to be noted, however, that

the regulation itself permits late filing only in the absence of wilful negligence or fraudulent intent.

In our view, section 10.112 of the Customs Regulations, which provides that documents, required by other sections to be filed in connection with the entry, may be filed at any time prior to liquidation or before the liquidation becomes final, is valid, at least insofar as it permits the filing of customs Form 3311 after the expiration of the 90-day review period and while a case is pending before the court, in the absence of wilful negligence or fraudulent intent.

No question has been raised as to the substantive sufficiency of the customs forms which have been filed herein, and it has been stipulated that all documents that would have satisfied the collector have been presented and that free entry would have been permitted had they been filed prior to the expiration of the review period. In view of section 10.112 of the Customs Regulations, *supra*, we hold that, under the circumstances of this case, the filing of customs Form 3311 after the expiration of the review period and while the case was pending constituted compliance with the regulations and that the drums which the appraiser has reported are of American origin are entitled to free entry under paragraph 1615 of the Tariff Act of 1930, as amended, as American goods returned, without having been advanced in value or improved in condition while abroad.

To that extent, the protests are sustained. As to all other drums, the protests, having been abandoned, are overruled. Judgment will be rendered accordingly.