(C.D. 2941)

LOCKWOOD AND FREIDIN *v.* UNITED STATES

United States Customs Court, Third Division

(Decided April 3, 1967)

*Robert O'Conor, Jr.,* for the plaintiff.

*Barefoot Sanders,* Assistant Attorney General (*Mollie Strum,* trial attorney), for the defendant.

Before RICHARDSON and LANDIS, Judges

LANDIS, Judge: The merchandise in this case, described on the entry as "1 Box – VALVE PARTS," was imported from Mexico via footbridge to Laredo, Tex., where entry was made, and thereafter liquidated on June 15, 1961.

It was classified under paragraph 397 of the Tariff Act of 1930, as modified, and assessed with duty at the rate of 19 per centum ad valorem as manufactures in chief value of metal, other.

Protest was filed by Lockwood and Freidin, customhouse brokers, Laredo, claiming that the merchandise involved herein was American goods sent to Mexico for repairs and, on its return to the United States, should have been entered free of duty under paragraph 1615 of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1954 (T.D. 53599), as American goods returned, without having been advanced in value or improved in condition while abroad.

An alternate claim in the protest was that the merchandise should have been classified under paragraph 372 of the said tariff act, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariff and Trade (T.D. 54108), as parts of machinery, other, and assessed with duty at the rate of 11½ per centum ad valorem.

At the trial of the case in Laredo, the official papers were admitted into evidence without being marked. Counsel were excused from filing briefs.

Examination of the official papers, in conjunction with the trial record, discloses that the merchandise was exported to Mexico and thereafter returned through the same port, Laredo, Tex. As part

of the entry papers, included was customs Form 3311, declaring the required information for free entry of merchandise under Treasury Department regulations. However, the form was executed by S. Freidin, a member of the customonhouse brokerage firm of Lockwood and Freidin. This was rejected by the liquidator as insufficient, and a Form 3311 signed by the owner of the merchandise was requested. Before this form could be supplied, the merchandise was assessed with duty and liquidation was accomplished. A proper Form 3311, dated April 8, 1964, signed by the owner was filed by plaintiff's attorney on or about September 18, 1964, but before trial of this action (plaintiff's collective exhibit 1).

At the trial, only one witness was examined. Plaintiff called Karl W. Price, Supervisory Customs Entry and Liquidating Officer at Laredo, Tex. Mr. Price testified concerning the above Form 3311 dated April 8, 1964, as follows:

* * * If it had been in the hands of the liquidator at the time the entry was liquidated, the entry would have been liquidated free.

Our examination of the pertinent customs regulations and the Customs Court decisions prior to March 2, 1960, when amendment 10.112 to the customs regulations became effective, shows that filing Form 3311 after liquidation and after the expiration of the collector's 90-day review period after a protest was filed would have been too late and ineffective, and would have constituted a noncompliance with the customs regulations. Plaintiff would have had no relief. His protest would have been overruled. See *Bluefries New York, Inc.* v. *United States*, 41 Cust. Ct. 309, Abstract 62133, and earlier cases cited therein.

Part 10 of the Customs Regulations was amended, effective March 2, 1960, by adding section 10.112 (T.D. 55059), which reads as follows:

### Late Filing of Free Entry Documents

10.112 Filing free entry documents after entry.—Whenever a document, form, or statement required by regulations in this part to be filed in connection with the entry is not filed at the time of the entry or within the period for which a bond was filed for its production but failure to file it was not due to wilful negligence or fraudulent intent, such document, form, or statement may be filed at any time prior to liquidation of the entry or, if the entry was liquidated, before the liquidation becomes final.

Apropos of this added section and of the instant situation, we find in point and quote from *Bertrand Freres, Inc., et al.* v. *United States*, 47 Cust. Ct. 155, 160, C.D. 2296:

In our view, section 10.112 of the Customs Regulations, which provides that documents, required by other sections to be filed in connection with the entry, may be filed at any time prior to liquidation or before the liquidation becomes final, is valid, at least insofar as it

permits the filing of customs Form 3311 after the expiration of the 90-day review period and while a case is pending before the court, in the absence of wilful negligence or fraudulent intent.

\* \* \* In view of section 10.112 of the Customs Regulations, *supra*, we hold that, under the circumstances of this case, the filing of customs Form 3311 after the expiration of the review period and while the case was pending constituted compliance with the regulations \* \* \*.

As in that case, no question was raised in the instant case as to the sufficiency of the customs form nor was there any evidence of wilful negligence or fraudulent intent. There was no drawback allowance. Timely filing of customs Form 3311 presents the only question. Plaintiff's alternate claim in the protest was not pressed and is deemed abandoned accordingly.

We hold, therefore, that the filing of customs Form 3311 herein after liquidation and after the expiration of the collector's review period, and while the case was pending before the Customs Court, constituted timely compliance with the regulations, entitling the merchandise involved herein to free entry under paragraph 1615 of the Tariff Act of 1930, as amended, *supra*, as American goods returned.

The plaintiff's protest is sustained to the extent indicated.

The entry will be reliquidated and judgment will issue accordingly.