### AIRGO INTERNATIONAL CORPORATION

v.

### UNITED STATES.

Protest 64/1798–74852.

United States Customs Court,
Third Division.
April 17, 1967.

Stein & Shostak, Los Angeles, Cal. (Leonard M. Fertman, Los Angeles, of counsel), for plaintiff.

Barefoot Sanders, Asst. Atty. Gen. (Mollie Strum, New York City, Trial Attorney), for defendant.

Before RICHARDSON and LANDIS, Judges.

LANDIS, Judge:

The merchandise in this protest case involves one box of water color paintings by American artists, originally exported from Los Angeles, Calif., to Acapulco, Mexico, for temporary exhibit.

On their return to Los Angeles, they were assessed with duty at the rate of 10 per centum ad valorem under paragraph 1547(a) of the Tariff Act of 1930, as modified by the Annecy Protocol to the General Agreement on Tariffs and Trade (T.D. 52373), supplemented by Presidential proclamation (T.D. 52476), as works of art, not specially provided for.

The merchandise was entered January 19, 1962. The entry was liquidated May 10, 1963.

Plaintiff claims that the merchandise is entitled to entry free of duty, as American goods returned, under paragraph 1615 of the said tariff act, as amended.

At the trial, the official papers in the case were admitted into evidence without being marked. It is established from these papers and from the subsequent testimony of record that the merchandise was denied entry free of duty only because full compliance required under Customs Regulations, sections 10.1 and 10.2 was not fulfilled at the time of entry.

Under section 10.1 there was required:

(1) a declaration by the foreign shipper,

(2) a declaration for free entry by the owner, importer, consignee, or agent, on customs Form 3311, and

(3) a certificate, Form 4467, of the collector of customs at the port from which the merchandise was exported from the United States.

Section 10.2 provided that the declaration by the foreign shipper could be waived if the collector was satisfied by other evidence of the essential facts therein.

Customs Form 3311, the declaration for free entry of returned American products, had been duly filed.

Two witnesses testified for the plaintiff. Miss Katherine Brugger, agent of the California Water Color Society, the real party in interest herein, testified that 157 paintings by American artists had been exported from Los Angeles for exhibition in Mexico. (A listing of said paintings is attached to the official papers.) The identical paintings were returned through the same port of Los Angeles approximately 2 years later, except for a few checked on the list which were "lost by the wayside." Identity of each painting was definite.

The witness testifying identified "SHIPPER'S EXPORT DECLARA-

TION" (Form 7525-V of the U. S. Department of Commerce), which was offered into evidence by plaintiff and was acceptable to defendant in lieu of Form 4467 under Customs Regulations, section 10.1(3).

Plaintiff's second witness, Alphonse J. Fournier, United States Customs liquidator at Los Angeles, testified that he has been with customs for over 38 years; that he heard the testimony of the first witness, Miss Brugger, and that now he was satisfied that all the necessary customs regulations pertaining to the free entry of American goods returned had been met. He stated that had the importer complied with all of the foregoing at the time of making entry, the entry would have been liquidated free of duty.

Both counsel requested that they be excused of filing briefs.

Pertinent hereto part 10 of the Customs Regulations was amended by adding section 10.112 (T.D. 55059), effective March 2, 1960, which is as follows:

> *10.112 Filing free entry documents after entry.*—Whenever a document, form, or statement required by regulations in this part to be filed in connection with the entry is not filed at the time of the entry or within the period for which a bond was filed for its production but failure to file it was not due to wilful negligence or fraudulent intent, such document, form, or statement may be filed at any time prior to liquidation of the entry or, if the entry was liquidated, before the liquidation becomes final.

Pursuant to this provision, the regulations in effect before March 2, 1960, are relaxed to a point where now a litigant, after his entry is liquidated and his protest claim is pending before the Customs Court, may still file a document required by customs regulations for duty-free entry of American goods returned. Bertrand Freres, Inc., et al. v. United States, 47 Cust.Ct. 155, C.D. 2296.

Accordingly, in the case before us, the record shows that all customs regulations now have been complied with. We hold that the merchandise involved herein is entitled to entry as American goods returned, free of duty under paragraph 1615 of the Tariff Act of 1930, as amended.

Judgment will issue for the plaintiff, directing the district director to reliquidate the entry and refund all duty taken upon the merchandise herein.

RICHARDSON, J., concurs.