BEFORE THE SECOND DIVISION, JANUARY 4, 1968

No. P68/4.—Anglo Affiliated Corp. *v.* United States, protest 66/13156 (New York).

RAO, C. J.   In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of tape similar in all material respects to that the subject of *Devon Tape Corp.* v. *United States* (57 Cust. Ct. 507, C.D. 2856), the claim of the plaintiff was sustained.

BEFORE THE THIRD DIVISION, JANUARY 4, 1968

No. P68/5.—Friden, Inc. *v.* United States, protests 64/18834, etc. (San Francisco).

No. P68/6.—Friden, Inc. *v.* United States, protests 64/18836, etc. (San Francisco).

LANDIS, J.   In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of adding machine parts, which are manufactures of the United States, exported without drawback, and returned without having been advanced in value or improved in condition by any process of manufacture or other means and that the applicable customs regulations have been complied with, the claim of the plaintiffs was sustained. *Bertrand Freres, Inc., et al.* v. *United States* (47 Cust. Ct. 155, C.D. 2296).

BEFORE THE SECOND DIVISION, JANUARY 9, 1968

No. P68/7.—The H. J. Ashe Company, Inc. *v.* United States, protest 67/34532 (New York).

FORD, J.   In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of batteries, classified as entireties with flashlights, similar in all material respects to those the subject of *Torch Mfg. Co., Inc.* v. *United States* (57 Cust. Ct. 521, C.D. 2863), wherein the court held that the flashlights and batteries were separate entities rather than an entirety and were separately dutiable, the claim of the plantiff was sustained.