(C.D. 3591)

GEORGE L. WALSH v. UNITED STATES

United States Customs Court, Third Division

(Decided October 16, 1968)

*Alfred W. Kiefer* for the plaintiff.

*Edwin L. Weisl, Jr.*, Assistant Attorney General (*Thomas A. S. Fernandes*, trial attorney), for the defendant.

Before RICHARDSON and LANDIS, Judges

RICHARDSON, Judge: The merchandise the subject of this protest consists of small miscellaneous aircraft parts manufactured by the Curtiss Wright Co. It was imported from Canada on February 29, 1964 and assessed with duty at 10 percent ad valorem under item 694.60, Tariff Schedules of the United States. Plaintiff claims the merchandise is duty free under item 800.00.

The statutes and regulations involved are:

Tariff Schedules of the United States:

> Schedule 6.   Metals and Metal Products
>
> Aircraft and spacecraft, and parts thereof:

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| \* | \* | \* | \* | \* | \* | \* | |

694.60      Other parts_____10% ad val.

> Schedule 8.   Special Classification Provisions
>
> Part 1.   Articles Exported and Returned
>
> Subpart A. – Articles not Advanced
>                          or Improved Abroad

Subpart A headnote:

> 1. The items in this subpart (except item 804.00) shall not apply to any article—
>     (a) exported with benefit of drawback;

| | | | | | | |
|---|---|---|---|---|---|---|
| \* | \* | \* | \* | \* | \* | \* |

800.00      Products of the United States when returned after having been exported, without having been advanced in value or improved in condition by any process of manufacture or other means while abroad_____ Free

Code of Federal Regulations, Title 19—

Articles Exported and Returned

§ 10.1  Domestic products; requirements on entry.

(a) Except as otherwise provided for in this section or in § 10.2, the following documents shall be filed in connection with the entry of articles claimed to be free of duty under schedule 8, part 1, Tariff Schedules of the United States:

\*     \*     \*     \*     \*     \*     \*

(3) A certificate, customs Form 4467, of the collector of customs at the port from which the merchandise was exported from the United States, except that no such certificate shall be required if the articles are unquestionably products of the United States which have not been advanced in value or improved in condition while abroad and the collector is satisfied by reason of the nature of the articles or otherwise that no drawback of duties or refund or remission of taxes was allowed when the articles were exported from the United States. Such certificates shall show whether drawback was claimed or paid on the merchandise covered by the certificate and, if any was paid, the amount thereof. This certificate shall be issued on application of the importer, or of the collector at the importer's request, and shall be mailed by the issuing officer directly to the port at which it is to be used. If the merchandise has been exported from the port at which entry is made and the fact of exportation appears on the records of the customhouse, the fact of reimportation shall be noted on such export record but the filing of the certificate on Form 4467 shall not be required.

Plaintiff, George L. Walsh, died on January 9, 1966 and this action was prosecuted by Alfred W. Kiefer, as executor of the estate of George L. Walsh, under letters testamentary issued on the twentieth day of January, A.D. 1966 by the Bergen County Surrogate's Court.

Plaintiff called one witness, Raymond Hoehl, the general manager of George L. Walsh. Mr. Hoehl testified the imported merchandise was purchased from the Crown Assets Administration of Canada on the basis of competitive bids. The money was paid through Newhall Limited in Montreal, Canada, who presented the bid, picked the material up at the location in the warehouse, and sent it to the United States. He further testified that generally "they [meaning Newhall] used to send a certificate along with it, across the border, and in the majority of the cases, material was cleared at the border." (R.11.) However, there was no certificate sent in this instance. Some were in the original Curtiss-Wright, Wright Aeronautical Division containers, some were repackaged in Pratt & Whitney Canada containers. About 25 percent was marked "Made in Canada" and the remainder marked "Made in the United States." Mr. Hoehl requested an inspector to

inspect this material at the warehouse and the warehouse foreman reported that he showed an inspector this material. Mr. Hoehl did not hear further from the inspector and made no inquiry as to what was happening after this inspector called because on previous occasions when an inspector had looked at material in bond in the warehouse, that was it, and he heard nothing further from it. Mr. Hoehl had no record of whether Form 4467 was filled out. He said Mr. Walsh had taken care of that, but at this time he had had a heart attack and Mr. Hoehl was taking over some of the office duties.

At the close of Mr. Hoehl's testimony, defendant renewed a motion to dismiss this protest for failure to make a *prima facie* case. It was taken under advisement.

On the record plaintiff failed to prove that the imported merchandise consists of American goods returned after exportation and also that no drawback was paid at the time of exportation. The lack of Customs Form 4467 was not waived by the collector.

This court, in *A. E. Coppersmith* v. *United States*, 50 Cust. Ct. 8, C.D. 2381, held that aluminum sheets conceded to be of American origin were not entitled to free entry since Customs Form 4467 was not produced and the impossibility of compliance with the regulation was not proven. This court, in *Coppersmith, supra*, found that the evidence did not establish that drawback had not been claimed or paid when the articles were exported from the United States since the dates of exportation were unknown and the manufacturer had exported with benefit of drawback prior to the reimportation of the subject aluminum sheets.

Plaintiff in the case at bar has not proved compliance with the regulations and the collector did not waive the production of the required documents. No satisfactory proof has been offered in lieu of compliance with the regulations.

For the reasons stated the protest herein is overruled. Judgment will be rendered accordingly.