**F. W. MYERS & CO., INC.**

v.

**UNITED STATES.**

C.D. 4515;  Court Nos. 70/14983–4664, etc.

United States Customs Court.
April 18, 1974.

·Siegel, Mandell & Davidson, New York City (Brian S. Goldstein, New York City, of counsel), for plaintiff.

Carla A. Hills, Asst. Atty. Gen., Wesley K. Caine, New York City, trial atty., for defendant.

*On Defendant's Motion for Judgment on the Pleadings*

RAO, Judge:

In this motion for judgment on the pleadings, defendant claims that the complaints in the actions herein indicate that plaintiff has failed to meet all of the conditions precedent to classification under item 806.20, Tariff Schedules of the United States, and that therefore defendant is entitled to judgment dismissing the actions and overruling all claims by plaintiff.

According to the complaints, the merchandise is refined naphthalene which was exported from the United States to Canada for the purpose of altering its physical form by a process of sublimation. It was thereafter returned to the United States and was assessed with duty under item 403.06, Tariff Schedules of the United States. It is claimed that it should have been classified under item 806.20, as articles exported for repairs or alterations, and duty assessed under item 403.06 on the cost of the alterations only. It is also alleged:

That all Customs regulations pertaining to the entry of merchandise under Item 806.20, TSUS, have been complied with except the failure to file Customs Form 4455, as required by Customs Regulations § 10.8(d);

That the failure to fill [sic] Form 4455, as set forth in paragraph "FOURTEENTH" was not due to "willful negligence or fraudulent intent" within the meaning of § 10.112 of the Customs Regulations;

Item 806.20 provides:

| | Articles returned to the United States after having been exported to be advanced in value or improved in condition by any process of manufacture or other means: |
|---|---|
| 806.20 | Articles exported for repairs or alterations ........... A duty upon the value of the repairs or alterations (see headnote 2 of this subpart) |

Pertinent also is headnote 1 to schedule 8:

1. \* \* \* except as provided in headnote 3 to part 1 of this schedule, any article which is described in any provision in this schedule is classifiable in said provision if the conditions and requirements thereof and of any applicable regulations are met.

General headnote 11 to the tariff schedules provides that the Secretary of the Treasury may issue rules and regulations governing the admission of merchandise and that

\* \* \* The allowance of an importer's claim for classification under any of the provisions of the schedules which provide for total or partial relief from duty or other import restrictions on the basis of facts which are not determinable from an examination of the article itself in its condition as imported, is dependent upon his complying with any rules or regu-

lations which may be issued pursuant to this headnote.

The quoted sentence relates to mandatory rules and regulations pursuant to which certain articles are accorded preferred treatment only upon compliance with the regulations. Tariff Classification Study Submitting Report, p. 19.

Section 10.8 of the Customs Regulations* provides, *inter alia*:

> *10.8 Articles exported for repairs, alterations or processing.*
>
> \* \* \* \* \* \*
>
> (d) Before the exportation of any article to be subject on return to the United States to duty on the value of repairs, alterations, or processing effected abroad as provided for in item 806.20 or item 806.30, Tariff Schedules of the United States, a declaration and application shall be filed in duplicate on customs Form 4455 by the owner or exporter with the collector of customs or appraiser of merchandise at a time before the departure of the exporting conveyance which will permit an examination of the article.

Plaintiff does not dispute that this regulation is mandatory and a condition precedent to recovery but claims that pursuant to Customs Regulation § 10.-112, it may file the necessary document at the trial and then produce competent testimony that the delay in filing was not due to wilful negligence.

Said section provides:

> *10.112 Filing free entry documents after entry.*—Whenever a document, form, or statement required by regulations in this part to be filed in connection with the entry is not filed at the time of the entry or within the period for which a bond was filed for its production but failure to file it was not due to wilful negligence or fraudulent intent, such document, form, or statement may be filed at any time

prior to liquidation of the entry or, if the entry was liquidated, before the liquidation becomes final.

■ On a motion by defendant for judgment on the pleadings, the facts well pleaded in the complaints and the inferences reasonably flowing therefrom are deemed admitted, but not their sufficiency as a matter of law. Rosenhan v. United States, 131 F.2d 932 (1942), cert. den. 318 U.S. 790, 63 S.Ct. 993, 87 L.Ed. 1156 (1943); Brown v. Bullock, 194 F.Supp. 207 (1961), aff'd 294 F.2d 415 (1961); Kohen v. H. S. Crocker Company, 260 F.2d 790 (1958); Harry G. John, Jr., et al. v. United States, 138 F.Supp. 89, 95 (1956); C. J. Tower & Sons of Buffalo, Inc., a/c Metco, Inc. v. United States, 68 Cust.Ct. 377, C.R.D. 72–11, 343 F.Supp. 1387 (1972) and cases cited.

The court will assume that the facts alleged can be sustained at the trial and that those are the facts on the basis of which plaintiff seeks recovery. Stichman v. Fischman, 154 F.Supp. 867, 871 (1957).

■ The issue is one of law, whether the pleaded facts, viewed in a light most favorable to plaintiff, provide any conceivable basis for permitting plaintiff to recover. Dyson v. General Motors Corporation, 298 F.Supp. 1064 (1969); Art Metal Const. Co. v. Lehigh Structural Steel Co., 116 F.2d 57 (1940); Friedman v. Washburn Co., 145 F.2d 715 (1944); United States v. Logan Company, 130 F.Supp. 550, 552 (1954).

■ The motion will be denied unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of his claim. Brown v. Bullock, *supra*; C. J. Tower & Sons of Buffalo, Inc., a/c Metco, Inc., v. United States, *supra*; National Surety Corp. v. First Nat. Bank in Indiana et al., 106 F.Supp. 302 (1952).

---

* The Customs Regulations referred to herein are those in effect at the time of the exportation and importation of this merchandise.

Some changes have been made by T.D. 72–119 (1972).

Thus, for the purpose of this motion, it is assumed that plaintiff can produce the declaration and application required by section 10.8(d) at the trial and can establish that late filing was not due to fraud or wilful negligence.

The issue is whether section 10.112 of the Customs Regulations is applicable in this case.

This section was first promulgated in 1960 to relieve existing restrictions to the filing of free entry documents and to specify conditions for filing them after entry or after expiration of the bonded period. 95 Treas.Dec. 86, T.D. 55059 (1960).

In a decision handed down the following year, the court pointed out that the regulations which had theretofore been issued as to the free entry of American goods returned required that certain documents be filed in connection with the entry and allowed the collector to waive filing of some but not all of them. Bertrand Freres, Inc., et al. v. United States, 47 Cust.Ct. 155, C.D. 2296 (1961). The court said (p. 159):

However, it has been held that the collector may not waive production of customs Form 3311 and that the filing thereof after entry and after the bonded period does not meet the requirements of the regulations. United States v. Saunders et al., 6 Ct.Cust. Appls. 86, T.D. 35337; Wedemann, Godknecht & Lally (Inc.) v. United States, 60 Treas.Dec. 566, T.D. 45175; J. J. Distributing Co. et al. v. United States, *supra*; Christian Dior, N.Y., Inc. v. United States, *supra*; Bluefries New York, Inc. v. United States, *supra*. The result has been to prevent the allowance of free entry by the court in cases where the merchandise would otherwise have been entitled thereto. Christian Dior, N.Y., Inc. v. United States, *supra*; Bluefries New York, Inc. v. United States, *supra*.

It was obviously to meet this kind of situation that the new regulation was adopted. It does not enlarge the class of merchandise entitled to free entry, since proof that the imported articles in fact fall within the terms of the statute must be presented to the court by evidence or stipulation. What it does do is to make the condition precedent to the vesting of the right of free entry less onerous by extending the time during which the documents may be filed. Since there is nothing in the statute which requires that the condition be met within a certain time, the regulation is neither unreasonable nor clearly outside the authority granted to the Secretary.

See also Lockwood & Freidin v. United States, 58 Cust.Ct. 210, C.D. 2941 (1967) and F. W. Myers & Co., Inc. v. United States, 70 Cust.Ct. 202, C.D. 4431, 360 F.Supp. 429 (1973). The section is, however, unavailing where the documents are never filed. A. E. Coppersmith v. United States, 50 Cust.Ct. 8, C.D. 2381 (1963); Border Brokerage Company v. United States, 59 Cust.Ct. 289, C.D. 3143 (1967); George L. Walsh v. United States, 61 Cust.Ct. 252, C.D. 3591 (1968).

In Hertvy Co., Inc. v. United States, 45 Cust.Ct. 210, Abstract 64361 (1960), it was held that section 10.112 was applicable to shipper's repair statements required by section 10.8(i) of the regulations to be filed in connection with the entry and that by virtue of the new section, they might be filed after liquidation and the filing of the protest, but before the liquidation became final.

In H. F. Keeler v. United States, 45 CCPA 67, C.A.D. 675 (1958), an American-made airplane was exported to Canada for the purpose of having it repaired. The plaintiff did not file an application on customs Form 4455 prior to the departure of the plane and the plane was not delivered to the collector for examination before exportation. After its return, plaintiff claimed that duty should have been assessed on the cost of the repairs or alterations only. The claim was overruled on the ground that the regulations had not been complied with. Plaintiff had claimed that section 10.42

rather than section 10.8 of the regulations was applicable. The former concerned repairs made to vehicles incidental to their use abroad. The courts rejected plaintiff's contention, and in the course of its opinion, the Customs Court said (38 Cust.Ct. 48, 53, C.D. 1842 (1957)):

* * * The only purpose of section 10.42(c) is to provide a means of identifying a vehicle upon its return to this country. It has nothing to do with the requirements of section 10.-8(b), (c), and (d) as to action to be taken prior to exportation of an article for repairs or alterations. Even if the certificate issued by the Department of Commerce might be accepted in lieu of customs Form 4455 to meet the requirement of section 10.8(g), production of such certificate *at the time of importation and entry* does not obviate the necessity of complying with section 10.8(b), (c), and (d) *at the time of exportation*. These subsections not only require that an affidavit and application be filed before exportation, but that the articles themselves be delivered for examination. These provisions are reasonable, since a prior inspection will aid customs officials in determining subsequently what repairs were made and what their value was. [Emphasis quoted.]

Section 10.112 of the Customs Regulations refers by its terms to documents required to be filed *in connection with the entry*, whereas section 10.8(d) concerns a declaration and application to be filed *before the exportation of the merchandise*. Since the former does not refer to the same period of time as the latter, the two are unrelated and one cannot be construed as changing the time period of the other. The purpose of section 10.8(d) is to give customs officials notice of the proposed exportation and an opportunity to examine the article beforehand. Filing of the application long after the merchandise has been returned will not serve this end.

Plaintiff relies on E. Dillingham, Inc. v. United States, 67 Cust.Ct. 226, C.D. 4278 (1971), appealed on another point and modified C.A.D. 1078, 470 F.2d 629, 60 CCPA 39 (1972). In that case the Customs Court held that failure to comply with section 10.8 of the Customs Regulations and the absence of a waiver precluded sustaining the claim for classification under item 806.20. In the course of the opinion the court quoted section 10.8(d), *supra,* and stated (p. 229):

There is a certificate of registration at the bottom of the application which must be signed by a customs official certifying that he has found the articles to be as described by the owner. Customs Regulation § 10.8(j).

A certificate of registration covering the fabric portion of the "needled" felts was never filed, nor was there any evidence as to why it was not filed.

The owner's declaration and the certificate could be filed after entry provided there is an affirmative showing by plaintiff that the *failure to file the document* (Form 4455) *was not due to willful negligence or fraudulent intent.* Customs Regulation § 10.112. [Emphasis quoted.]

There was no evidentiary showing that this document was entitled to the privilege of late filing.

The collector could waive compliance with registration requirements if he was satisfied the failure to comply was due to inadvertence, mistake or inexperience and not to negligence or bad faith. Customs Regulations § 10.-8(k).

No evidence was offered which would make this regulation applicable.
* * *

Section 10.8(j) provides:

There shall be filed in connection with the entry the certificate of registration (customs Form 4455) and a declaration made by the consignee, owner, or an agent having knowledge of the facts that the articles entered

in their repaired, altered, or processed condition are the same articles covered by the certificate of registration.

\* \* \*

It is evident that the certificate of registration and the declaration referred to in section 10.8(j) are different from the declaration and application referred to in section 10.8(d), although both may be on the same customs Form 4455. The former is the collector's endorsement showing the examination of the articles and their lading on the exporting conveyance. Section 10.8(g). Thus, where the court in *Dillingham* said that the owner's declaration and certificate might be filed after entry in view of Customs Regulation § 10.112, it was referring to the certificate of registration and declaration under section 10.8(j) and not the application required by section 10.8(d).

■ Therefore, there is no authority for the proposition that section 10.112 allows the late filing of documents required by section 10.8(d) to be filed before exportation. It is well settled that compliance with mandatory regulations is a condition precedent to recovery and the burden of proof thereof rests on plaintiff. Socony Vacuum Oil Co., Inc. v. United States, 44 CCPA 83, C.A.D. 641 (1957) and cases cited.

■ Plaintiff claims that the Government by its motion is seeking to deny plaintiff's basic right to seek judicial review of administrative action, citing Suwannee Steamship Company v. United States, 70 Cust.Ct. 327, C.R.D. 73–3, 354 F.Supp. 1361 (1973). This is untenable since plaintiff has admitted failure to comply with section 10.8(d) of the regulations and the court has reviewed the issue of law as to whether section 10.112 is applicable to the instant case.

I conclude that section 10.112, which permits documents required to be filed *in connection with the entry* to be produced later, is not applicable to section 10.8(d), which requires the ·filing of a declaration and application *before the exportation of an article* which will be claimed classifiable under item 806.20 or item 806.30.

Since plaintiff has failed to comply with regulations which are mandatory and a condition precedent to recovery, its claim for relief cannot be sustained. Defendant's motion for judgment on the pleadings is granted and the actions will be dismissed.